### YORK et al. v. UNITED STATES.

#### (Circuit Court of Appeals, Ninth Circuit. May 7, 1916.)

1. CRIMINAL LAW ☞660—REMARK OF COURT—OBJECTIONS—REFERENCE TO FAILURE TO TESTIFY.

Where, in connection with an endeavor by defendant's counsel to introduce a letter written by defendant, the court remarked that in his opinion defendant's testimony on the stand would be more important than the letter, whereupon defendant's counsel, without objection to the remark, called defendant to the stand, the statutory protection against any reference to defendant's right to testify was waived by the failure to object.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1536, 1537.]

2. CRIMINAL LAW ☞413(2)—EVIDENCE—LETTERS—ADMISSION OF WHOLE CORRESPONDENCE.

The rule that, when statements constituting accusations are received against a defendant, he may prove his self-serving statements in connection therewith, did not authorize the admission of defendant's answer to an accusatory letter, where the accusatory letter was offered by defendant over the objection of the district attorney, and not by the government.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 933, 934.]

3. CRIMINAL LAW ☞1039—APPEAL—OBJECTIONS—NECESSITY.

Anything said or done with reference to a block of iron not offered in evidence, but placed where it could be seen by the jury and examined by one of them, was not reviewable, where no objection was made, and the court was not called upon to make any ruling.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2647, 2648.]

4. CRIMINAL LAW ☞370—EVIDENCE—OTHER OFFENSES—KNOWLEDGE.

On a trial for conspiracy to pass counterfeit coins, evidence of an attempt by one of the defendants to pass a counterfeit coin six months prior to the alleged date when the conspiracy was formed was admissible to show guilty knowledge of the character of the coins by one of the conspirators.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 825–829.]

5. COUNTERFEITING ☞18—EVIDENCE—ADMISSIBILITY.

Where, on a trial for conspiracy to pass counterfeit coins, it was shown that defendants went together to S., that they were both in a saloon when one of them attempted to pass a counterfeit coin, that they then

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

knew they were being watched, and that one of them went to the entrance to a toilet, evidence that after he came out a witness found 27 gold pieces in the flush box was properly admitted, as tending to show that he placed the coins there and was knowingly engaged in passing counterfeit coins.

[Ed. Note.—For other cases, see Counterfeiting, Cent. Dig. §§ 41–45.]

In Error to the District Court of the United States for the First Division of the Northern District of California.

Rollie A. York and another were convicted of an offense, and they bring error. Affirmed.

Marshall B. Woodworth, of San Francisco, Cal. (H. L. Levin, of San Francisco, Cal., of counsel), for plaintiffs in error.

John W. Preston, U. S. Atty., and M. A. Thomas, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. [1] The plaintiffs in error will be named herein defendants, as they were in the court below. They were convicted under an indictment charging them with a conspiracy to pass counterfeit $5 gold pieces. They assign error to certain remarks of the trial court made under the following circumstances:

Moffitt, a witness for the government, testified that he had a conversation with the brother of the defendant York, in which he stated that he believed that the defendant York knew more about these counterfeit coins than he said he knew, and he asked York's brother to communicate with York and ask him if he would not give information to clear up the matter. It appeared that a letter was written by the brother, and answered by the defendant York. Counsel for the defendants twice endeavored to introduce the letter of the defendant York in evidence. The court excluded it, on the ground that it was not proper evidence, and that it was self-serving. When a third attempt was made, the court said:

"My opinion is—it may be an old-fashioned notion—that the testimony of the defendant York here on the stand would be of a great deal more importance than the letter which he wrote; it may be self-serving."

To which counsel for defendants replied:

"We will put York on the stand in order to get the record straight."

And York was thereupon put upon the stand. No objection was made to the remark of the court, no instruction was asked in regard to it, and no exception of any kind was taken in connection therewith. Counsel for the defendants rely upon McKnight v. United States, 115 Fed. 972, 54 C. C. A. 358, a case holding it to be prejudicial error for the court or counsel to call the attention of the jury in a criminal case to the defendant's right under the statute to testify in his own behalf. In that case, however, timely objection was taken to the language of the court. Undoubtedly the protection afforded the defendant by the statute to which effect was given in that case, and in Wilson v. United States, 149 U. S. 60, 13 Sup. Ct. 765, 37 L. Ed. 650, may be waived by the defendant, and we think it should be held that it is waived in a case where no objection is made. Shelp v. United

241 F.—42

States, 81 Fed. 694, 26 C. C. A. 570; Chadwick v. United States, 141 Fed. 225, 72 C. C. A. 343; Higgins v. United States, 185 Fed. 710, 108 C. C. A. 48; Kettenbach v. United States, 202 Fed. 377, 120 C. C. A. 505; Donaldson v. United States, 208 Fed. 4, 125 C. C. A. 316; Crumpton v. United States, 138 U. S. 361, 11 Sup. Ct. 355, 34 L. Ed. 958.

[2] Error is assigned to the exclusion of the letter of the defendant York to his brother. It is contended that the letter was admissible in evidence under the authority of Crawford v. United States, 212 U. S. 183, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392, since evidence was admitted of the contents of the letter of the brother, in response to which the letter in question was written. It is not denied that the letter of the defendant York contained self-serving statements. But the rule is invoked that, when statements constituting accusations are received against a defendant, he may prove his self-serving statements in connection therewith, by reason of the rule admitting the whole conversation. 12 Cyc. 427. But the rule is not applicable here, for the reason that the evidence of the contents of the brother's letter was not offered by the government. It was offered by the defendant, over the objection of the district attorney. It is too obvious to require discussion that the defendant cannot, by offering proof of the contents of the first letter, obtain the right to introduce in evidence his own self-serving answering letter.

[3] Several assignments of error relate to a certain "square block of iron." The prosecution had shown that a square block of iron was found, among other things, in the basement of the house in which the defendant Karr had resided. The block was not introduced in evidence, although it seems to have been placed where it was exposed to the view of the jury. One of the jurors asked, "May I see that square block of iron?" and said:

"There is some impression on it that would look as though it was the face of a coin. I want to ascertain the size of the coin that would fit in there."

Counsel for the defendants objected, because the block had not been introduced in evidence. But it appears that counsel for the defendants inquired about the block, and asked a witness for the government:

"Could you say yourself, Professor, whether or not gold heated to the necessary degree for the purpose of becoming a molten mass, placed in here, would not stick in this ring?".

To which the witness answered that he would not qualify as an expert in the casting of gold on metals. The difficulty in the way of assigning error to anything that was done or said with reference to the block of iron is that the defendants' counsel made no objection to anything that was said or done in connection with it, and the court was not called upon to make any ruling in any way relating to the subject. It may be added that the court instructed the jury that they were not to consider any testimony or exhibits, or matters or things exhibited to them during the trial, unless the same were admitted in evidence by the court.

[4] It is contended that the court below erred in admitting evidence that the defendant York attempted to pass a $5 counterfeit gold coin

six months prior to the date when the conspiracy was charged to have been formed. The evidence was admitted for the purpose of showing guilty knowledge of the character of the coins by one of the conspirators, and it was limited to that purpose. The rule is well settled that such evidence is admissible in counterfeiting cases. 7 R. C. L. 919, and cases there cited. The rule is not inapplicable to the case of a conspiracy to utter counterfeit coins, and in such a case it is not necessary to show that all the conspirators participated in the prior offense. Bottomley v. United States, 1 Story, 135, Fed. Cas. No. 1,688; State v. Glidden, 55 Conn. 46, 8 Atl. 890, 3 Am. St. Rep. 23; Breese v. United States, 203 Fed. 824, 122 C. C. A. 142; Shea v. United States, 236 Fed. 97, 149 C. C. A. 307; Mitchell v. United States, 229 Fed. 357, 143 C. C. A. 477.

[5] It is said it was error to admit in evidence 27 counterfeit $5 gold pieces found in the rear of a certain saloon in Stockton previous to the arrest of the defendants. It was shown that the defendants went to Stockton together, were seen there together, and that they were both in the saloon when Karr attempted to pass a counterfeit $5 coin. At that time the defendants were being watched, and they knew it. York was seen to go into the saloon and go back to the entrance to the toilet. After he came out, a witness went in and found the 27 gold pieces in the flush box of the toilet. In view of the fact that the two defendants were working together, and had endeavored to pass counterfeit $5 gold pieces, and in some instances had passed them, and that, when they discovered that they were under surveillance Karr went to the back of the saloon, and immediately thereafter the counterfeit coins were found where he might have concealed them, the evidence was properly admitted, we think, for its value as tending to show that he placed the coins there and that he was knowingly engaged in passing counterfeit coins.

We find no error. The judgment is affirmed.