WOODMAN v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit. February 1, 1929.

Rehearing Denied February 25, 1929.

No. 5287.

Henry E. Kahn and Tom Branch, both of Houston, Tex., for appellant.

H. M. Holden, U. S. Atty., of Houston, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. An indictment was returned which in the first count charged William Woodman, appellant herein, Thomas Fournier, Claud C. Hutton, and the three other named persons with a conspiracy to violate the National Prohibition Act (27 USCA) by the unlawful possession and sale of intoxicating liquor and alleged seven overt acts to effect it. The indictment also charged the parties named as conspirators with various substantive offenses in violation of the said act, in 23 counts. The first overt act charged in the first count alleged substantially that, in order to effect the objects of the conspiracy, appellant and Hutton had secured certain premises in Galveston, known as the Watermelon Garden, and had equipped them in such manner as to be suitable for the selling and dispensing of intoxicating liquors. This overt act could not have been and was not charged as a separate offense, but the other six were made the bases of counts charging the various substantive offenses above referred to.

On a first trial of the case in June, 1927, the jury could not agree as to the guilt of appellant and the others above named on the conspiracy count, found appellant and Hutton not guilty as to all the substantive offenses, and found Fournier not guilty, except as to the ninth count, on which he was convicted. The three above named were put on trial a second time in January, 1928, on the first count and were convicted. Only Woodman has appealed. Errors are assigned as follows:

The first assignment, in substance, is that the trial court erred in permitting testimony to be received over objection tending to prove counts 2 to 24 inclusive. This objection was made before any evidence was actually introduced, and was so general and indefinite that the court was justified in overruling it on that ground. Furthermore, the assignment does not point out in any way the evidence objected to. This assignment fails to follow our rule 11, which requires the full substance of the evidence admitted over objection to be quoted. We are unable to identify the evidence objected to, and must disregard this assignment.

Error is assigned to the refusal of the court to instruct the jury for defendants at the close of the evidence. Appellant moved

for a verdict at the close of the government's case, but it does not appear from the record that this request was repeated at the close of the whole case, and it does appear that evidence was introduced on behalf of the defendants. Therefore such motion as was made was waived. Regardless of this, there is no doubt of the sufficiency of the proof to support the verdict. The assignment is without merit.

■ Error is assigned to portions of the charge of the court, but the record is silent as to any exception having been taken to the charge given. The purpose of objecting to the charge of the court is to permit the judge to correct it, if he has inadvertently or otherwise fallen into error. It is essential that objection be made, and that an exception be noted, if it is desired to assign any portion of the charge as error. This assignment is also without merit.

After the conclusion of the general charge, defendants moved the court orally to instruct the jury that they could not consider any of the testimony given as to any of the acts of defendants on which they were acquitted in the former trial on the ground that they would thereby be put in double jeopardy. This request was refused. The remaining assignments of error are apparently predicated upon this ruling. As the offenses were not the same there could not be double jeopardy. The request was properly refused.

■■ In addition to the errors assigned, we are asked to notice plain error apparent on the record, which, of course, we would do in the interest of justice. Appellant seeks to draw a distinction between a plea of former jeopardy and a plea of res adjudicata and relies on the latter.

A plea of res adjudicata is effective, when a plea of former jeopardy would not lie, where a final judgment has been entered discharging a defendant who has not been put in jeopardy (U. S. v. Oppenheimer, 242. U. S. 85, 37 S. Ct. 68, 61 L. Ed. 161, 3 L. R. A. 516), or where both a criminal and a civil penalty are provided as punishments for the same act and the issue has been finally determined by an acquittal (Coffey v. U. S., 116 U. S. 436, 6 S. Ct. 437, 29 L. Ed. 684).

■ It is a fundamental principle of res adjudicata that the cause of action must be the same. That is not so in this case. The first count charges a conspiracy to commit an offense against the United States in violation of section 37, Criminal Code (18 U. S. C. 88 [18 USCA § 88]), which is not the same as the offenses charged in the succeeding counts. U. S. v. Rabinowich, 238 U. S. 78, 35 S. Ct. 682, 59 L. Ed. 1211. Therefore acquittal of the substantive offenses was not a bar to prosecution for the conspiracy.

■ However, it is very earnestly contended that the acquittal of appellant under counts 2 to 24 is a final determination that those acts were not committed, and hence evidence is not admissible to prove the commission of any of them as a circumstance from which the jury might find that the conspiracy had been formed. If all the overt acts alleged under the conspiracy count had been made the bases of counts charging the substantive offenses, there would be much force in this contention, but such is not the case. The first overt act alleged was not of itself an offense, and was not so charged, but, if it was committed, it was sufficient to complete the conspiracy.

We are not advised of any case holding that a party is estopped to prove a different cause of action by the same evidence offered in another case in which an adverse judgment was rendered. There are many cases to the contrary. It is well settled that a person may be acquitted of a criminal charge, yet recovery may be had against him for damages caused by his act. This would necessarily require the use of some or all of the evidence adduced in the criminal case, but the rule is the same when the state is plaintiff. Stone v. U. S., 167 U. S. 178, 17 S. Ct. 778, 42 L. Ed. 127.

Evidence tending to prove any violation of the National Prohibition Act by any of the conspirators connected with the conspiracy, whether alleged as an overt act or not, was relevant and admissible to prove the intent and common purpose of the alleged conspirators. With regard to the admissibility of evidence given on a former trial, the rule is thus stated by Wharton:

"The question has been raised in criminal trials whether a previous indictment for, or acquittal or conviction of, the other crime, has any effect upon the admissibility of the evidence of such other crime. It may be safely stated that the almost universal judgment is that neither of these circumstances will operate to the rejection of such evidence." Wharton, Criminal Evidence (10th Ed.) par. 48.

The above rule finds support in the well-considered case of Bell v. State, 57 Md. 108, where the contention was rejected that a forged check made the basis of an indictment on which the defendant was ac-

quitted could not be offered in evidence to prove scienter on a trial of the same party for forging and uttering another check. There are many other state cases to the same effect cited by Wharton and in the opinion in the Bell Case, supra. See, also, U. S. v. Raudenbush, 8 Pet. 288, 8 L. Ed. 948; Hotema v. U. S., 186 U. S. 413, 22 S. Ct. 895, 46 L. Ed. 1225; Coy v. U. S. (C. C. A.) 5 F.(2d) 309.

The record presents no reversible error. Affirmed.