## HAFFA v. UNITED STATES.

Circuit Court of Appeals, Seventh Circuit.
November 27, 1929.

Rehearing Denied January 7, 1930.

No. 4208.

John B. Boddie, of Chicago, Ill., for appellant.

John E. Northup, of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge. The appellant, Titus A. Haffa, was found guilty under each count of an indictment charging, in ten counts, the manufacture, possession, sale, and transportation of intoxicating liquor, in violation of the National Prohibition Act, §§ 3 and 25, tit. 2 (27 USCA §§ 12, 39) and charging in the eleventh count all of said defendants with conspiracy to do each of the acts set forth in the first ten counts, in violation of section 37, Criminal Code (18 USCA § 88).

The appellant was tried jointly with Sam Simons, Joseph Bagheria, Edward Hug, and Joseph Murray, and all were found guilty, and judgment was rendered accordingly.

The defendant Haffa alone presents this appeal. The propositions relied on in briefs and arguments as grounds for reversal are:

(1) The court erred in admitting in evidence proof of different and disconnected minor conspiracies with which appellant was not identified, in order to establish the major conspiracy in count No. 11.

(2) The court erred in permitting government witnesses to testify in rebuttal concerning certain conversations had with appellant relating to gambling operations, drinking, other criminal offenses and other matters derogatory to his character, on the theory that they were collateral to the main issue and hence not subject to rebuttal.

(3) The court erred in declining to receive or to have read a written motion to strike certain evidence from the record.

(4) The court erred in not instructing the jury to disregard such evidence.

(5) The court erred in refusing appellant's tender and offer to read his written instruction No. 3, and in refusing to give the same orally to the jury.

(6) The court erred in not instructing the jury that previous good character in itself may create reasonable doubt.

██ A portion of the evidence to which defendant Haffa objects, under proposition 1, relates to a conversation between two government agents and a codefendant, Eddie Hug, on January 20, 1928, which the court permitted said agents to detail to the jury over the objection of defendant Haffa, and which is as follows:

"Eddie told us their still had been knocked off by G men five times the preceding month, and that it cost them five grand to fix it up. He said if it had not been for the influence of Haffa in making these people reduce their demands, they would have had to close up. He also said that a detective squad had been to the still the day before and also that day, but that they had gone away. He said they would have to remove the still as soon as they could find a suitable spot because these detective squads were sure to come back."

The indictment charges the conspiracy to have been formed on October 1, 1927, and that defendants did perform and commit certain overt acts in pursuance and furtherance of said unlawful conspiracy, and to effect the object of the same, to wit: "That on divers dates from December 1, 1927, to February 1, 1928, said defendants, at Chicago, in the division and district aforesaid, engaged in the manufacture of alcohol, for beverage purposes." In the conversation of the defendant Hug, referred to above, and which the defendant Haffa contends was erroneously admitted in evidence, we find said Hug admitting ownership in a still at the very time and place covered by the overt act referred to above. This evidence was competent as tending to prove that the defendant Hug had the present ability and the intention to commit the unlawful acts with which he is charged in the indictment.

██ The mere fact, if it be a fact, that such admitted testimony showed a minor conspiracy to commit an unlawful act other than those charged in the indictment, would not render such evidence incompetent, provided it tended to prove a necessary ingredient of the major conspiracy. That the intention of an alleged conspirator, and his ability, to commit the act in question, are necessary ingredients in a charge of conspiracy, cannot be questioned. The case of Terry v. United States (C. C. A.) 7 F.(2d) 28, 30, cited by appellant, is not in point. In that case evidence was admitted to show a conspiracy violation at Bodega Bay by a part of the defendants, which conspiracy was not charged in the indictment. The court in that case said: "The indictment charges no conspiracy to transport, possess, or sell intoxicating liquor at Bodega Bay, in terms, and avers no *overt* act to effect the object of such a conspiracy, if one existed." (Italics ours.)

The statement of the law just referred to is merely a different way of stating the elementary principle that no presumption of guilt arises against a person charged with crime from the fact that said person has at some time committed another unrelated crime. In that case it was never contended that there was any relationship between the two conspiracies. In the instant case, material relationship was both charged and proved.

██ The defendant Haffa is in no position to say that the evidence in no way identified or connected him with the subject-matter of the conversation admitted in evidence. The evidence shows that the government agents, in the first instance, inquired of him as to where they could purchase alcohol. In response thereto he referred them, and introduced them, to the other defendants as persons who were engaged in that business. The deals were made with his knowledge—in his presence, at times—and with his assistance.

On January 4, 1928, appellant told the government agents that he had been running a still up the street; that it cost $20,000, operated 10 hours a day, and had an output of 20 gallons an hour. On February 27, 1928, appellant told said government agents that he and Simons, Bagheria, and Hug were jointly interested in a still which produced 200 gallons of alcohol a day, but that they had temporarily separated their interests on account of the approaching election. The relations of the parties, one to another, were of such a character, and their actions were so linked, as to indicate a common purpose to manufacture, possess, sell, and transport alcohol in violation of the statute, as charged in the indictment. Under such circumstances we are of the opinion that the conversation referred to was properly admitted.

Many instances of the introduction of similar evidence, over appellant's objection, are set forth in appellant's brief under this assignment of error. They raise the same questions as those previously discussed, and, for the reasons heretofore given we hold that in each instance the evidence was properly admitted. The instructions of the court fully protected defendant Haffa from the effect of any evidence of any fact with which he was not connected.

██ With relation to proposition 2, the record discloses that, when government agent Donahue first met appellant, Donahue represented himself as a gambler and sought advice from Haffa on the subject of investing

some personal funds. Donahue further stated that he had been in various rackets for the past eight or nine years. In response thereto appellant stated that he had a beautiful spot in mind that was hot; that he had recently opened a restaurant in the neighborhood which he had placed in charge of one of his precinct captains, and that the floor upstairs over the restaurant would make an ideal spot for gambling rooms; that he could have slot machines installed, and take care of police protection, and suggested that Donahue come to see him the following night at 9 o'clock, and they could arrange to talk more freely at some other place. The engagement was kept, and as a result appellant took Donahue to the restaurant in question, where the subject-matter was discussed by said parties in the presence of, and with, Weinstock, who was in charge of said restaurant, and who was the precinct captain referred to above.

This was practically all the direct evidence introduced by the government pertaining to the subject-matter which forms the basis of appellant's objection under this assignment of error. Appellant made no objection to the admission of this evidence. Later the appellant, on direct examination, denied that he had said anything to Donahue about putting a gambling outfit on the second floor, over the Weinstock restaurant. He then voluntarily stated that government agent Conwell had mentioned that subject to him, but he had refused to consider it, and stated that he had never sponsored anything like that. He further stated in his direct testimony that he was not a drinking man; that he had never taken a drink of intoxicating liquor in his life; and that he had never permitted liquor at the club. He further stated that he was not the owner, nor a part owner, of the Weinstock restaurant.

At that time appellant considered this evidence material to his defense against the charge of conspiracy, and it was. Therefore the government had a right to meet it with evidence in rebuttal; and appellant, having opened the door, is in no position to complain of that evidence, although it may show appellant guilty of crimes other than those with which he is charged. The subject of gambling, as first testified to by government agent Donahue, was only an incident in the conversations and transactions between the government agents and Haffa, which were preliminary, and led up, to the main transactions upon which this indictment is based. Such preliminary conversations were clearly admissible to show the degree of acquaintance and intimacy between Haffa and the government agent, in order to rebut the improbability that Haffa would be having unlawful dealings with an entire stranger.

Conceding that the government's witness did, in his direct testimony, relate a conversation had with Haffa at the restaurant of Weinstock with respect to gambling, which Haffa denied, and conceding that it was a collateral matter in the first instance and could not be met with evidence in rebuttal, yet, when Haffa took the stand in his defense and voluntarily stated that he had no interest in said restaurant, such conversation then ceased to be a collateral matter and became very material, for said conversation is filled with admissions which tend quite strongly to show absolute and complete ownership in appellant. It therefore was a proper matter for rebuttal, and the testimony of Weinstock and Donahue in rebuttal on this subject was properly admitted.

The government agent Conwell was not called in rebuttal, as appellant alleges, to rebut Haffa's denial as to gambling. He merely denied the statement which Haffa attributed to him. He did further state, however, that Haffa had admitted bribing nine prohibition agents. This was properly admitted to rebut Haffa's statement that he had never engaged in the liquor business.

The evidence shows that appellant executed two checks for rent to the owner of the restaurant premises. They were returned to the payee, without payment, for want of funds. Haffa paid the first one, and a judgment was rendered against him on the other. Appellant contends that the admission of these checks and the bank's indorsement thereon was error. As bearing on the ownership of the restaurant, the checks were not only admissible, but the manner in which they were paid, if they were paid, was also admissible.

The cases cited by appellant in support of his contention correctly state the law as to the rebuttal of collateral matters; but, after a careful examination of the evidence, we are firmly convinced that none of the matters complained of under this assignment were in fact collateral, but, on the contrary, were quite material to the issues, as presented by appellant himself.

Propositions 3 and 4 may be considered together, as they involve the motion and the same evidence.

Nowhere does the record show the nature of the motion presented other than that it was voluminous and would require quite a while to read it.

At the time appellant asked leave to file said written motion, the court repeatedly requested counsel for appellant to state orally

the several matters of law in such charge to which he desired to except, which requests were refused by said counsel. Under these circumstances we are of the opinion that the court exercised a proper discretion in refusing to receive, or to have read, said written motion. Furthermore, we have carefully examined the record as to those portions of the evidence to which appellant objected, and which he says were contained in said written motion, and we are of the opinion that in each instance the evidence so admitted was competent as to at least some one or more of the defendants other than Haffa. It was very properly admitted, and the rights of the defendant Haffa in relation thereto were fully protected by the court's instructions.

As to proposition 5, the record discloses that, at the close of the court's charge to the jury, appellant's counsel tendered and offered to read to the court his written instruction No. 3, with a request that the court give the same orally to the jury. This tender and offer to read were refused, and counsel for appellant was requested by the court to state his suggestions orally, to which ruling of the court he excepted. Counsel for appellant then proceeded orally to request instructions, which were all given by the court, save one, which was modified by the court. Appellant excepted to said modification, and this ruling of the court is discussed hereafter in this opinion. There is no contention that the substance of appellant's written instruction No. 3 was not fully covered by the court's instructions. Under these circumstances there was no error in refusing appellant's tender of, and his offer to read, his written instruction No. 3.

As to proposition 6, the record discloses that evidence was permitted to go to the jury as to the good reputation of the appellant prior to the return of the indictment. At the proper time appellant requested the court to instruct the jury that in a criminal case such evidence may be sufficient to raise a reasonable doubt. This the court refused to do, over the objection of appellant. On this subject the court charged the jury as follows:

"I do charge you that the reputation of defendants prior to the institution of the case, that is, prior to the return of the indictment, is proper evidence for you to consider. You should take that into consideration with all of the other evidence in the case. It is not direct evidence of innocence of these men, but it is a circumstance which is entitled to be considered by you, together with all the other evidence in the case, and to which you should give such weight as you believe under the evi-

dence should be given, bearing in mind always that any defendant must be proved guilty beyond all reasonable doubt before he can be convicted."

In this there was no error. Allen v. United States (C. C. A.) 4 F.(2d) 688; Kreiner v. United States (C. C. A.) 11 F.(2d) 722; Scheib v. United States (C. C. A.) 14 F. (2d) 75.

The judgment is affirmed.