**HOGAN et al. v. UNITED STATES.**

No. 5991.

Circuit Court of Appeals, Fifth Circuit.

April 3, 1931.

Edwin H. Grace and Edwin C. Hollins, both of New Orleans, La., for appellants.

Philip H. Mecom, U. S. Atty., and Elmer A. Mottet, Asst. U. S. Atty., both of Shreveport, La., and A. W. Henderson, Sp. Asst. to Atty. Gen., for the United States.

Before FOSTER, Circuit Judge, and HUTCHESON and SIBLEY, District Judges.

HUTCHESON, District Judge.

On an indictment charging in the first count conspiracy to handle intoxicating liquors in violation of both the National Prohibition and the tariff laws, in the second count unlawful importation of intoxicating liquors, in the third count unlawful concealment thereof after importation, and in the fourth count unlawful transportation, ten defendants, appellants here, were convicted. Four were convicted on all four counts; four on counts 2, 3, and 4, while two, Bryan and Smith, were convicted on the conspiracy count alone.

Appellants complain of the action of the court below in overruling their motion to quash and their demurrers to the four counts of the indictment, while error is assigned to the ruling in all the counts, the brief argues only the error as to the conspiracy count submitting the point as to the other three counts without argument.

■ There is no merit in the attack on the conspiracy count. It is competent to charge, and the indictment does charge, simply and clearly a single conspiracy to violate both the tariff and the prohibition acts, and proof as to either will support conviction. McDonnell v. U. S. (C. C. A.) 19 F.(2d) 801. Not only in the general charging part of the indictment, but in the statement of the overt acts, the conspiracy is fully and sufficiently alleged. Miller v. U. S. (C. C. A.) 300 F. 529; Hartson v. U. S. (C. C. A.) 14 F.(2d) 561; Tomplain v. U. S. (C. C. A.) 42 F.(2d) 203; Perry v. U. S. (C. C. A.) 39 F.(2d) 52; Wong Tai v. U. S., 273 U. S. 77, 47 S. Ct. 300, 71 L. Ed. 545.

Nor was there error in the court's action on the other counts except the third. The third count failing to charge that the liquor in question had theretofore been unlawfully imported, and being therefore defective, the demurrer to this count should have been sustained. Hartson v. U. S. (C. C. A.) 14 F.(2d) 561.

This error is harmless, however, because the sentences imposed upon the defendants

were less than might have been imposed upon the valid counts of the indictment.

■ The contention which the appellants mainly labor is that there was error in the admission of the evidence of the chief Government witness himself a coconspirator, as to conversations and transactions had in January and February, 1929, at Abbeville, La., with one of the defendants, Hogan, whom the evidence shows to have been one of the moving spirits in the conspiracy, as to shipments of liquor from Abbeville, appellants claiming that this was in effect an admission in proof of other crimes than those charged, and that it was therefore highly prejudicial to them.

The point is wholly without merit. While it is true that the indictment does charge in the conclusion of the stating part that "thereafter intoxicating liquors were to be transported to Gueydan, Louisiana, from which point they were again to be transported to various places," the indictment is not and cannot be thereby limited to the particular Gueydan transaction referred to in the statement of overt acts; and in the substantive counts of the indictment. For not only is the date of the beginning alleged as on or about April 1, 1929, of course immaterial as to fixing the starting time of the conspiracy, but the indictment expressly alleges that the conspiracy was begun and continued at Abbeville and Gueydan in the parish of Vermillion, at Lake Arthur, in the parish of Jefferson Davis, and in the parish of Cameron, state of Louisiana.

More than that, it continues alleging generally that the parties named in it conspired "to commit certain offenses against the United States; that is the offenses of unlawfully transporting into and unlawfully possessing within the United States intoxicating liquors," and further, that "such scheme and conspiracy was to be carried out in substantially the following manner; that said defendants were to bring said intoxicating liquors into the United States at various places along the Southern coast of the State of Louisiana."

In the light of the specific allegations in the indictment as to Abbeville, all of the elaborate structure of complaint which appellants have raised against the admitted evidence falls. Besides, had the indictment omitted the specific reference to Abbeville, the proof as showing the inception of, and characterizing the relation to each other of the parties would be admissible against the objection urged, for if evidence is relevant to and admissible in proof of the offense in question, it is not rendered inadmissible because it might have a tendency to prove the commission of other offenses. Nielson v. U. S. (C. C. A.) 24 F.(2d) 802, 803; Haffa v. U. S. (C. C. A.) 36 F.(2d) 1.

Appellants also urge that the evidence is insufficient to support the conviction. While it is true that the evidence on the part of the United States consists largely of the testimony of accomplices and coconspirators, not one syllable of evidence was offered by defendants in rebuttal, and the testimony, if believed, was ample to establish the guilt of each of the defendants.

The court, in a full, comprehensive, and fair general charge submitted the case to the jury on the theories as well of the defendants as of the government, and no error either in the matter of the charges given or of those refused is shown.

■ Appellants make an additional point upon the introduction over their objection, of evidence in support of one of the overt acts charged in the conspiracy count, the attempted bribery of an officer to permit the handling of liquors through his parish. The admission of this evidence was not error. It was offered, not as proof of an independent offense, but as part of the arrangements undertaken for the effective carrying out of the conspiracy. It was germane to it, and while it may have suggested the commission of another offense, it was not offered for that purpose, nor is it objectionable as such because of that tendency. "The mere fact, if it be a fact, that such admitted testimony showed a minor conspiracy to commit an unlawful act other than those charged in the indictment, would not render such evidence incompetent, provided it tended to prove a necessary ingredient of the major conspiracy." Haffa v. U. S. (C. C. A.) 36 F.(2d) 1, 3; Nielson v. U. S. (C. C. A.) 24 F.(2d) 802, 803.

■ Any relevant act tending to prove the general character and object of the conspiracy is admissible, even though it tends to prove the commission of a separate offense. Woodman v. U. S. (C. C. A.) 30 F.(2d) 482, 483; Martin v. U. S. (C. C. A.) 17 F.(2d) 973.

The case of Cucchia v. U. S. (C. C. A.) 17 F.(2d) 86, cited by appellants, is not in principle opposed. That was a fact case, in which the court, after announcing the principle as above stated, held that the proof offered was not germane to the conspiracy

charged, but related wholly to an independent offense.

Finding the record without reversible error, the judgment of the court below is affirmed.