604

**TAYLOR et al. v. UNITED STATES.**
No. 7814.

Circuit Court of Appeals, Fifth Circuit.
Nov. 19, 1935.

Rehearing Denied Jan. 2, 1936.

Hal Lindsay, of Atlanta, Ga., for appellants.

T. Hoyt Davis, U. S. Atty., and A. Edward Smith and H. Grady Rawls, Asst. U. S. Attys., all of Macon, Ga.

Before SIBLEY and WALKER, Circuit Judges, and HOLMES, District Judge.

WALKER, Circuit Judge.

The appellants were convicted under an indictment which charged them and another person with conspiring, continuously during the period beginning on or about the 1st day of August, 1933, and ending on or about the 1st day of May,

1934, to commit an offense against the United States; that is, to violate section 2, title 21, of the United States Code, by shipping, and delivering for shipment, in interstate commerce a large quantity of a certain drug, to wit Glauber's salt, misbranded, in that the labels upon the containers thereof bore the following statements:

"Warm Spring's
"Crystal Compound
"These wonderful compound crystals come to you direct from America's most famous Health Resort.

"Distributed by
"Warm Springs Crystal Co.
"Warm Springs, Ga.

"Warm Springs
"'The Nation's Health Resort'

"Warm Springs
"Crystal Compound
"These superior compound crystals come to you direct from one of America's most famous Health Resorts.

"Distributed by
"Warm Springs Crystal Co.
"Warm Springs, Ga.

"Warm Springs
"'The Nation's Health Resort'"

The indictment alleged that those statements were false and misleading, in that they indicated and meant that the product was produced at Warm Springs, Ga., whereas, in truth and in fact, said product was not produced at said Warm Springs, Ga., and did not contain substances taken from the waters of springs at Warm Springs, Ga.

The appellants moved the court to quash the indictment on the ground that it was returned in the Albany division of the Middle District of Georgia by a grand jury drawn exclusively from that division, and charged the commission of an offense in the Columbus Division of that district. The overruling of that motion might be sustained on the ground that the motion mistakenly alleged that the indictment charged that the offense was committed in the Columbus Division of the district; the fact being that the indictment charged that the criminal acts alleged were committed "at divers places within the jurisdiction of this court." Furthermore, the motion was not sustainable on the above-mentioned ground stated therein. Larramore v. United States (C.C.A.) 8 F.(2d) 736.

The court overruled appellants' demurrer to the indictment. The demurrer stated several grounds. The only ground urged in the argument of counsel for the appellants was the following: "Said indictment fails to charge an offense, in that the labels which said indictment alleges were intended to be used upon packages when shipped in interstate commerce, or delivered for such shipment as quoted in said indictment, show upon their face that said article was not misbranded, or intended to be misbranded, within the meaning of the Pure Food and Drugs Act of 1906, as amended." The statute prohibits "the introduction into any State * * * from any other State * * * of any article of food or drugs which is * * * misbranded, within the meaning of sections 1 to 15, inclusive, of this title. * * * The term 'misbranded,' as used in sections 1 to 15, inclusive, of this title, shall apply to all drugs, * * * the package or label of which shall bear any statement * * * regarding such article, or the ingredients or substances contained therein which shall be false or misleading in any particular." 21 U.S.C.A. §§ 2 and 9.

It cannot reasonably be denied that statements contained in the above-set out labels were calculated to mislead some persons into believing that packages so labelled contained something other than what they actually contained, namely, Glauber's salt, or that Warm Springs water was used in producing the so-called "Crystal Compound," or that that product contained curative ingredients possessed, or believed to be possessed, by the water of the Georgia Warm Springs. It well might be inferred that the conspicuous use in the labels of the name Warm Springs, Ga., in connection with a product which was produced elsewhere and which contained nothing taken or derived from waters of springs at Warm Springs, Ga., was intended to mislead or deceive, especially in the absence from the labels of anything to indicate what the labeled package actually contained. In comprehensive terms the statute condemns every statement which may mislead or deceive. Deception may result from statements not literally false. Statements which are liable to mislead should be

read favorably to the accomplishment of the purposes of the act, one of which is to enable purchasers to buy drugs for what they really are. United States v. Ninety-Five Barrels of Vinegar, 265 U.S. 438, 443, 44 S.Ct. 529, 68 L.Ed. 1094. The court did not err in overruling the demurrer to the indictment.

■ The court overruled a challenge by defendants to the entire array of jurors; that challenge being upon the ground that the jury was not put upon the defendants in the order in which the names of jurors were drawn from the jury box. Upon the challenge being made, the court stated that the jury list handed to defendants' counsel began at the first name following the last name used in the case completed the day preceding the day on which defendants were put on trial. It appearing that the jurors put upon the defendants were regularly drawn from the jury box, no right of the defendants was violated by the ruling now in question.

■ After one Parkins, a witness for the government, had testified that Taylor, one of the appellants, last visited the witness in April, 1933, the witness was asked if he had had any discussion or conversation with Taylor about water crystals. That question was objected to on the ground that the testimony sought to be elicited by it related to matters which occurred before the conspiracy was alleged to have been formed, and before Taylor was shown to have known the other alleged conspirators. The court overruled that objection, and permitted the witness to answer the question. It appears from the testimony of Parkins that in an interview between him and Taylor the latter suggested the substitution of Glauber's salt for ingredients of water crystals manufactured by the witness, because it was cheaper. The testimony sought to be elicited, and elicited, by the question objected to tended to prove Taylor's state of mind, a short time before the conspiracy was alleged to have been entered upon, with reference to using Glauber's salt, because of its cheapness, in a crystal compound. That evidence was admissible against Taylor to prove that fraud charged in the indictment was contemplated by him before the alleged conspiracy was entered into. Heike v. United States, 227 U.S. 131, 33 S.Ct. 226, 57 L.Ed. 450, Ann.Cas. 1914C,

128; York v. United States (C.C.A.) 241 F. 656.

■ Seven assignments of error are based upon the overruling of objections to that number of questions. No one of those objections stated any ground in support of it. The overruling of such an objection is not a ground for reversing a judgment. Choctaw, Oklahoma, etc., R. Co. v. McDade, 191 U.S. 64, 69, 24 S.Ct. 24, 48 L.Ed. 96; District of Columbia v. Woodbury, 136 U.S. 450, 462, 10 S.Ct. 990, 34 L.Ed. 472.

Assignments of error based on other rulings of the court on objections to evidence so obviously fail to show reversible error that further comment on them is not deemed necessary.

■ The record does not show that upon the conclusion of the evidence in the trial the appellants or either of them asked the court to direct a verdict in their or his favor, or requested any instruction to the jury as to the finding to be made. It does not appear from the bill of exceptions, or otherwise, that the brief of the evidence, which was referred to and attached to the bill of exceptions, and made a part thereof, contained all, or the substance of all, the evidence adduced in the trial. In the stated condition of the record, the question of the sufficiency of the evidence to support the verdict rendered is not presented for review.

The record showing no reversible error, the judgment is affirmed.

## On Petition for Rehearing.

### PER CURIAM.

■ On the authority of Wiborg v. United States, 163 U.S. 632, 16 S.Ct. 1127, 1197, 41 L.Ed. 289, and Clyatt v. United States, 197 U.S. 207, 25 S.Ct. 429, 49 L.Ed. 726, we have examined the evidence in the record to see if it authorized conviction. It does not by direct statement or clear implication appear that all the evidence is included. But assuming it to be all, we are of opinion that a case for the jury was made out. This is clear as to one appellant. As to the other, who withdrew from the enterprise before any interstate shipments were actually made, it appears that he was the author of the plan and participated in it until after some of the overt acts charged were done. His assertion of honest intent,

if a sufficient defense, need not under the circumstances have been accepted as true by the jury. They were authorized to find him a party to an unlawful conspiracy at the time some of the overt acts were done.

The motion for rehearing is denied.

SOPER, Circuit Judge, dissenting.