UNITED STATES of America, Plaintiff,

v.

Gaspar CISNEROS, Defendant.

Crim. No. 12805.

United States District Court

N. D. California, N. D.

Feb. 10, 1961.

---

Laurence E. Dayton, U. S. Atty., San Francisco, Cal., and Robert E. Woodward, Asst. U. S. Atty., Sacramento, Cal., for plaintiff.

Eugene T. Gualco, Sacramento, Cal., for defendant.

HALBERT, District Judge.

Defendant was charged by an indictment with the crime of conspiring to import heroin into the United States, contrary to law, and to conceal and facilitate the concealment and transportation of heroin, knowing that the said heroin had been imported into the United States contrary to law (Title 21 U.S.C. § 174). Sylvia Poindexter and Arthur Ortiz were named as co-conspirators, but not as defendants.

Defendant was tried before the Court, sitting with a jury, and the jury returned a verdict of "guilty." Defendant has made a motion for a new trial. This motion is now before me for my consideration and determination.

Counsel for defendant has filed a memorandum in support of the motion and has suggested the following five points:

1. The Court's ruling admitting the testimony of the witness, Sylvia Poindexter, relative to conversations between one "Gordo" and the co-conspirator, Arthur Ortiz, is challenged on the ground that the testimony was hearsay.

2. The admission of testimony by Poindexter that Ortiz and defendant had delivered heroin in a Stockton bar is attacked on the ground that it is irrelevant and prejudicial.

3. The introduction of proof that defendant had suffered prior misdemeanor narcotic convictions under California law is attacked as improper impeachment.

4. The Court's instructions on the weight to be given to accomplice testimony are attacked.

5. It is urged that the prosecutor erred in failing to bring out the fact that defendant's prior convictions were misdemeanor (rather than felony) convictions, and that such error so substantially prejudiced defendant as to deny him a fair trial.

The motion for a new trial was further grounded on the defendant's contentions (not pressed in defendant's memorandum) that the verdict was contrary to the weight of the evidence, and that the verdict was not supported by substantial evidence. I heard the evidence adduced at the trial, and I am of the view that there *was* ample evidence to support the verdict. In my view, the evidence established beyond any possible doubt that the defendant was guilty as charged.

Each of the five points which were pressed in defendant's memorandum will be considered below, *seriatim.*

## I.

The conversation between Ortiz, "Gordo," and Poindexter took place when both Ortiz and Poindexter were present and were engaged in buying heroin as a vital step in furtherance of the conspiracy. Conversations of conspirators in furtherance of the objects of a conspiracy are admissible in evidence against all conspirators (Marbs v. United States, 8 Cir., 250 F.2d 514; and United States v. Bucur, 7 Cir., 194 F.2d 297). And this is true even though all conspirators may not be present at the conversation (United States v. Bucur, supra). In this case, there was clear evidence of a conspiracy between Ortiz, Poindexter and the defendant in the record at the time the challenged testimony was offered and admitted. Such being the case, it is obvious that the challenged ruling was correct.

## II.

An essential element of any conspiracy charged is a guilty knowledge and intent—a guilty state of mind on the part of the defendant. Proof of such a state of mind need not be direct, but to the contrary may be (and frequently is) circumstantial (Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680). Where a defendant is charged with conspiracy to commit a precise offense, evidence of former convictions of that defendant on charges of similar offenses, or of the former commission of similar offenses by that defendant, is relevant and competent to establish the defendant's state of mind, his guilty knowledge and guilty intent (Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919; Glasser v. United States, supra; Williamson v. United States, 207 U.S. 425, 28 S.Ct. 163, 52 L.Ed. 278; United States v. Prince, 3 Cir., 264 F.2d 850; Enriquez v. United States, 9 Cir., 188 F.2d 313; United States v. Iacullo, 7 Cir., 226 F.2d 788; Orloff v. United States, 6 Cir., 153 F.2d 292; Heskett v. United States, 9 Cir., 58 F.2d 897; Metzler v. United States, 9 Cir., 64 F.2d 203; York v. United States, 9 Cir., 241 F. 656;

Kettenbach v. United States, 9 Cir., 202 F. 377; and see: Woodman v. United States, 5 Cir., 30 F.2d 482; and Nielson v. United States, 9 Cir., 24 F.2d 802).

■ The testimony in this case relating to a delivery of heroin in the Stockton bar by Ortiz and defendant was admissible to prove defendant's guilty intent and state of mind, and to show the nature of the association between defendant and Ortiz, and was therefore proper.

### III.

■ Defendant's prior convictions of narcotic law violations were also admissible in evidence to prove defendant's state of mind. The distinction between a misdemeanor and a felony is not of consequence when considering the question of whether the offenses were of such a character as to logically tend to prove the guilty state of mind of defendant in connection with the conspiracy which is the subject of the instant case (See: Carlton v. United States, 9 Cir., 198 F.2d 795).

■ Evidence of defendant's prior misdemeanor convictions of unlawful possession of narcotic drugs was offered for impeachment purposes, in this case. In this regard, it must be noted that defendant did not request an instruction, limiting the jury in its consideration of the evidence of prior convictions to the issue of guilty intent and guilty knowledge. For this reason, and for the further reason that such testimony is more damning when considered on the question of guilty intent than when considered solely for impeachment purposes, it is patent that plaintiff's complaint on this point is without merit (See: Enriquez v. United States, supra).

■ Notwithstanding what has just been said, I feel constrained to add that I am of the view that the testimony concerning defendant's prior misdemeanor convictions was admissible for impeachment purposes. The great weight of authority supports the rule that a witness may be impeached by proof of the prior conviction of a felony, by proof of the prior conviction of an infamous crime, or by proof of the prior conviction of a crime involving moral turpitude (Christianson v. United States, 8 Cir., 226 F.2d 646; Roberson v. United States, 5 Cir., 249 F.2d 737; Steele v. United States, 5 Cir., 243 F.2d 712; Pittman v. United States, 8 Cir., 42 F.2d 793; and see: Bohol v. United States, 9 Cir., 227 F.2d 330; and United States v. Bucur, supra). The question of whether crimes falling in either of the latter two categories are felonies or misdemeanors is of no consequence.

I am well aware that there is a *dictum* in Carlton v. United States, supra, to the effect that proof of conviction of a misdemeanor is not admissible for impeachment purposes. In considering that case, it must be borne in mind that the precise issue before the Court there was the scope of permissible rebuttal evidence after a defendant introduced a defense of entrapment. The Court went to some considerable length in the opinion to make it plain that *that* was the sole question which was being decided. It is clearly stated in the opinion that the felony-misdemeanor distinction had no bearing upon that precise issue, and that consequently the Court gave no consideration to the distinction since it was not material to the question before it. The subsequent *dictum* on the application of the distinction to impeachment problems was an obvious afterthought, unsupported by citations. I have carefully considered the Circuit Court's opinion in Carlton v. United States, supra, on several occasions, and I have always come to the conclusion that it is not there intended to set up a rule contrary to the weight of authority on this subject. In all events, I believe the weight of authority on this point is sound law, and I will rest my ruling in this case on such law.

That the offenses in question involved moral turpitude is readily demonstrable. The commission of an infraction of a rule of public policy and morals results in a violation which involves moral turpitude. Moral turpitude is "inherent baseness or

vileness of principle, or acting, shameful wickedness" (Rudolph v. United States, D.C.Cir., 6 F.2d 487, 488). The violation of the narcotic drug laws of the United States, and of the several states, is a violation of a rule which is accepted by all decent people as involving public policy and morals in the United States. In Rudolph v. United States, supra, it was held that a violation of the prohibition laws then in force with respect to intoxicating liquors was an offense involving moral turpitude. Surely no one will attempt to argue that a violation of laws against the use or sale of intoxicating or narcotic drugs is not a much more heinous offense in the eyes of our contemporary society. Many people use alcoholic liquors. Few, if any, decent people use heroin or even marihuana. The use of marihuana, more frequently than not, is the precursor of the use of heroin. The evils which the illicit narcotic traffic brings in its wake are all well known, and they are rightfully the subject of public abhorrence. The traffic in illicit drugs would collapse if suppliers would cease to supply the drugs, or if users would cease to use them. In my opinion, it is clearly demonstrated that either class of offense involves moral turpitude.

■ It is common knowledge that narcotic addicts must, and will, in order to obtain a supply of the drug to which they are addicted, lie, cheat or steal. Constant deception and subterfuge are necessary, if an addict is to remain at liberty and to enjoy the dubious boon of his addiction. These circumstances could cause a juror, who gave the matter mature consideration, to doubt and suspect the testimony of an addict or former addict, where the former addiction was not too remote to the time of the trial.

That the defendant was not an addict, but in fact had been a peddler of narcotic drugs, would raise him in the esteem of no one. To the contrary, it very well might cast the gravest doubts on his character for veracity. This was something for the jury to consider and determine in the light of all of the facts. Accordingly, the jury was permitted to have all of these facts in this case. In my opinion, this was entirely proper.

## IV.

■ The instructions[1] which the Court gave on accomplice testimony have been reviewed. I consider that the instructions given are both proper and adequate. They are not in essential conflict with the decisions cited by defendant in this regard, namely, Johns v. United States, 10 Cir., 227 F.2d 374; and United States v. Carengella, 7 Cir., 198 F.2d 3. To the contrary, they are in complete accord with the Federal law dealing with accomplices and their testimony.

## V.

■ The failure of the prosecutor to bring out the fact that defendant's prior convictions involved misdemeanors under California law did not, in my opinion, in any way vitiate the fairness of the trial. The defendant had full opportunity to bring out this fact if he had cared to do so. This he should have done if he thought such fact had probative value (See: Bohol v. United States, supra). Actually the distinction between a misdemeanor and a felony is but little understood by laymen, and when the offense is a narcotic law violation, the jury would have paid little if any attention to the technical legal category of the offense. The only real issue is whether in this

1. The instructions given on this subject are as follows:
"It is a settled rule in this country that even accomplices are competent witnesses and that the Government has the right to use them as such. It is the duty of the Court to admit their testimony and the jury must consider it. The testimony of accomplices, however, is always to be received with caution and weighed and scrutinized with great care.

"Every person of legal responsibility who voluntarily cooperates with or aids or assists or advises or encourages another in the commission of a crime is an accomplice, without regard to the degree of his guilt.

"An accomplice is defined as being one concerned with others in the commission of a crime."

case the prior convictions of the defendant were admissible. I am convinced that they were admissible, and having reached this conclusion, I am satisfied that the question of whether the prior offenses were felonies or misdemeanors would be given no consideration by the jury or any other trier of the facts.

For the reasons which I have set forth above, I am of the view that no one, any part, or all of the reasons advanced by defendant in support of his motion for a new trial would justify the granting of the motion. I am convinced that the defendant received a fair trial, and that the jury returned a proper verdict. There is nothing in the record before me which would justify the granting of a new trial to the defendant. To the contrary, the ends of justice militate against the granting of the motion.

It Is, Therefore, Ordered that defendant's motion for a new trial be, and the same is, hereby denied.