Joe R. STEELE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16234.

United States Court of Appeals
Fifth Circuit.

April 26, 1957.

Rehearing Denied June 11, 1957.

ination of the defendant after he had taken the stand in his own behalf and over defendant's objection, to elicit the answer "Yes" to the question:

> "Mr. Steele, will you just give me a yes or no answer. The question will be asked in such a manner that it can be answered yes or no. Isn't it a fact that you did not take the stand in your behalf at a previous trial of this case?"

The other is permitting the government, over defendant's objection that the offense was too remote in time and that it was unrelated to the offenses for which he was on trial, income tax evasion, to interrogate the defendant on cross examination regarding a prior felony conviction for gaming.

In addition to these attacks upon the trial procedure, appellant makes the fundamental attack upon the verdict and judgment, that the evidence was insufficient to sustain it and that a verdict of acquittal should have been and should now be directed on his motion for acquittal.

Confidently urging these claims upon us, singly and together, in a well written and argued brief, appellant insists that they are all well taken and should be sustained, while the United States, resisting the claims with equal confidence and vigor, insists that no reversible error attended the trial and that the judgment must be affirmed. For the reasons hereafter stated, we agree that this is so.

Upon its first point, appellant, insisting that on principle the answer sought and elicited was without testimonial relevancy and its admission was error, urges upon us that it was highly prejudicial error both because the very nature and frame of the question cast an aspersion upon him for not having taken the stand, thereby violating his constitutional right to refrain from testifying on the former trial, and because the defendant had taken the stand in reliance upon the prior ruling of the court that the former trial should not be referred to. Arguing that the Supreme Court in the Johnson case,

Ralph G. Langley, Ben F. Foster, and Foster, Lewis, Langley & Goode, San Antonio, Tex., for appellant.

Frederick B. Ugast, Atty., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., John E. Banks, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

Tried on an indictment charging income tax evasion, in Count One for the year 1947 and in Count Three for the year 1948, defendant was acquitted on Count Three and convicted and sentenced on Count One to two years imprisonment and a fine of $7500.

As on the previous trial, the conviction in which was reversed, Steele v. United States, 5 Cir., 222 F.2d 628, while no specific item of unreported income was shown by direct evidence, the government undertook to show understatements of income by the net worth and expenditures method.

Appealing from the verdict and judgment, appellant attacks the trial as unfair and affected with procedural error in two respects. One of these is permitting the government, on cross exam-

Johnson v. U. S., 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704, has foreshadowed its departure from the Raffel case, Raffel v. United States, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054, and that the recent grant of certiorari in the case of United States v. Grunewald, 2 Cir., 233 F.2d 556 has confirmed this departure, the appellant asks us to hold that there was error in asking the question, or, if we will not do so, to withhold our decision until the Supreme Court has acted in the Grunewald case.

■■■ We are of the clear opinion that neither of these requests should be granted. This is so both because it is clear that, under the decisions as they now stand, there was no error in admitting the evidence and because the facts and issues in the Grunewald case are different from those here, and no sufficient showing is made that a reversal of the decision in Grunewald would require a reversal here. Indeed, when the point now under discussion is considered in the light of the whole record,[1] it seems clear that, if it was error to admit the evidence, the error was the technical one of asking a question, the answer to which was immaterial and irrelevant, Cf. Raffel v. United States, 271 U.S. 494, at page 497, 46 S.Ct. 566, 568 which, under Rule 52(a) was "harmless error".[2]

While the government in its brief does argue that the question was relevant because, as stated in the Raffel case, if the cross examination had revealed "the real reason for the defendant's failure to contradict the government's testimony on the first trial was a lack of faith in the truth or probability of his own story, his answer would have a bearing on his credibility and on the truth of his own testimony in chief", here the question was strictly limited to an answer "Yes" or "No". No effort was made to follow the answer up, and the district judge by his instruction excluded the whole matter of the former trial from the jury's consideration.

Appellant's argument that the matter is made more serious by what he calls the ground rule laid down by the judge at the beginning of the trial, that no reference should be made to the former trial, will not, we think, stand up because as the court stated, and it was in effect admitted, at that time it was not supposed that the defendant would take the stand.

Finally, the verdict of the jury, convicting the defendant of the smaller amount of evasion charged in the 1947 tax year and acquitting him of the larger amount in the 1948 tax year, shows plainly that the defendant took no prejudice from the ruling but, on the contrary, obtained a benefit from the defendant's answer, that he was convicted and sentenced to four years, and the judgment was reversed.

■■■ On its second point, appellant stands no better. Indeed, not as well. Admitting that it is the general rule that when a defendant takes the witness stand he may be impeached as any other witness, and that there are many cases holding that the admission of evidence of convictions of a felony or of a misdemeanor involving moral turpitude is not error, he yet urges upon us that, in admitting this evidence under the facts and

1. Including the testimony of the defendant on redirect, that it was upon the advice of his counsel that he did not take the stand, and his surrebuttal testimony, that he was convicted on the trial and given a sentence, and that his conviction was set aside on appeal, and the instruction of the district judge:

"The evidence in this case has developed the fact that the case has been tried before. In that connection you are instructed that you will not consider for any purpose, nor discuss that fact in determining the guilt or innocence of the

defendant. You will consider only the evidence adduced at this trial in determining the guilt or innocence of the defendant and not speculate as to the evidence introduced in the former trial." (Record pp. 14–15)

2. "52(a) Harmless Error. Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Rules of Criminal Procedure, 18 U.S.C.A. pp. 570–572, and Ann.Pocket Part p. 236–238 Incl.

circumstances, the district court abused its discretion and the admission was prejudicial error.

■■ We cannot at all agree. We think that but for the matter of remoteness in time there could be no basis for the claim and that, in admitting the evidence under the circumstances of this case, the court was well within its discretion. If, however, we should be mistaken in this, it is quite plain that no prejudicial error occurred. Defendant was allowed to and did show that he received a pardon. Besides, since the major part of the evidence in the case dealt with gambling and the profits derived therefrom, the proof of the conviction for gaming could not be said to have in any way introduced a new element into the case which reflected discreditably upon appellant. If he was prejudiced by the fact of his gaming, the prejudice was established by the necessarily relevant evidence as to the source of his income, and if that did not prejudice him, the mere fact that he had been been convicted in connection with his business and received a pardon certainly could not be said to do so. The whole design and purpose of Criminal Rule 52(a) embodying and carrying forward the long continued provision for harmless error embodied in the statutes, was, while protecting a defendant from substantial and harmful error, to prevent wholesale reversals for immaterial and harmless error.

■ As the Supreme Court said in the Lutwak case, Lutwak v. U. S., 344 U.S. 604, at page 619, 73 S.Ct. 481, 490, 97 L. Ed. 593; "A defendant is entitled to a fair trial but not a perfect one." See also Elder v. United States, 5 Cir., 213 F. 2d 876.

■ Devoting a large portion of its brief to the presentation of his third and final point, that a verdict of acquittal should have been directed, appellant, by an argument, falling short we think of demonstrating as a matter of law that no case for a jury verdict was made out, so invests with plausibility the claim made to the trier of facts, that on the evidence as a whole he ought not to have been convicted on either count, as to furnish a common sense explanation for the verdict which, convicting him on one count, acquitted him on the other. In short, while the argument, viewed as a jury argument, skillfully and effectively, from defendant's standpoint, points to and attacks the claimed factual weaknesses in the government's evidence as to the opening net worth as of January 1, 1947, it fails to demonstrate, as it claims to do, that the evidence made mandatory the direction of a verdict on the first count. When the appellant was here before, this court, on full consideration, determined adversely his contention that a verdict of acquittal should have been directed because (a) the proof was insufficient to establish an accurate opening net worth as of January 1, 1947, and (b) there was no showing of willfulness.

The evidence adduced by the government in support of its opening net worth on this trial was substantially the same as that it introduced on this point on the first trial, and the testimony of the defendant on this trial did not, as matter of law, effect any change.

As to the claim that the government failed to establish, as a matter of law, a reasonably accurate closing net worth, no such claim was apparently made on the first appeal, and the argument now made presents nothing more than an argument on the facts which the jury has rejected.

■ Apparently the defendant is of the opinion that the cases hold that in this kind of case the government's proof must attain the accuracy of a scientific demonstration, and that any failure to attain to this standard or any discrepancies in the proof will be fatal to the government's case.

We have been pointed to, we have found, no decision so holding.

Here, as in his argument in respect to the opening net worth statement, appellant makes nothing more than a jury argument against the sufficiency of the proof. He does not, he cannot, show that if the government's evidence is believed, a case for the jury is not made

out. In short, appellant, drawing on the cautionary admonition in the cases as to the duty of the courts to see that a defendant is not convicted on insufficient evidence, that when his extra judicial statements are relied on, they must be corroborated, and confusing what the court said in the Calderon case with respect to the proof showing an increase in net worth "over the prosecution years", the appellant is seeking to make contentions and arguments, which are all right in their place as arguments to the trier of facts, serve as arguments in support of a claim that, as matter of law, there are no facts to argue to a trier.

We find no merit in appellant's contentions and no support for his arguments in the trilogy of cases, Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150; Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192; and U. S. v. Calderon, 348 U.S. 160, 161, 75 S.Ct. 186, 190, 99 L.Ed. 202, he cites.

It is true that in each of these cases the court did point out the perils to the defendant inherent in the net worth method of proof and did enjoin upon the courts special precautions to see to it that the defendant was not thrown into the position by this kind of prosecution of having to prove himself innocent of the charges, and it did discuss and determine the law as to corroboration of extra judicial admissions such as made here with regard to opening and closing net worth. The result, however, of these discussions and determinations was to make it clear that, while corroboration was usually necessary, "admissions given under special circumstances, providing grounds for a strong inference of reliability, may not have to be corroborated.", and that "It is sufficient if the corroboration merely fortifies the truth of the conviction without independently establishing the crime charged". In Calderon's case where, unlike here, the defendant was convicted for evasion on each of the four counts charged, the court pointed

out that corroborating evidence could be sought in the proof of both parties where the defendant introduced evidence in his own behalf after his motion for acquittal has been overruled, and that, "while *the evidence as a whole* must show a deficiency for each of the prosecution years, *the corroborative evidence* suffices if it shows a substantial deficiency for the over-all prosecution period." (Emphasis supplied.)

Instead then of holding in effect, as the appellant claims it does, that if the government approaches a net worth case on "a prosecution year theory", if its proof fails in any respect, it must be held to have failed to make out a case for any of "the prosecution years", the court really held that while in order to recover in any year the government must show a deficiency for that year, "the corroborating evidence suffices if it shows a substantial deficiency for the over all prosecution period."

No reversible error appearing, the judgment is affirmed.