**Herman ROBERSON, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 16626.

United States Court of Appeals
Fifth Circuit.

Nov. 22, 1957.

Petition for Rehearing and Motion to Supplement Record Denied
Jan. 25, 1958.

Wm. J. Fuller, Jr., Montgomery, Ala., for appellant.

Hartwell Davis, U. S. Atty., Montgomery, Ala., Robert E. Varner, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant, Herman Roberson, was charged under the Dyer Act, 18 U.S.C.A. § 2313, in four counts of an indictment with receiving stolen motor vehicles which were moving in interstate commerce, and in a fifth count with having sold one of the cars. He was convicted on three of the counts for receiving stolen cars and on the count for selling. The conviction was reversed for a new trial. Roberson v. United States, 5 Cir., 1956, 237 F.2d 536. On a second trial Roberson was convicted on two of the counts for receiving stolen cars and on the count for selling. We now review on appeal this conviction.

On the appeal from the first conviction, one of the assignments of error was based upon the denial by the trial court of a motion for a bill of particulars. It was held that this did not constitute reversible error for two reasons; first, that the motion was filed on the day of the trial rather than ten days after arraignment as required by Rule 7(f), Fed.Rules Crim.Proc., 18 U.S.C.A.; and second, because the United States had furnished counsel for Roberson with the motor numbers of the automobiles involved. 237 F.2d 536, 538. After the mandate of this Court went down and on March 1, 1957, about four weeks before the second trial, the appellant filed an amended motion for a bill of particulars seeking more descriptive identification of the vehicles involved than was set forth in the indictment. The motion was denied and in its order denying the motion the district court held that the furnishing of the motor numbers was sufficient and that the identification of the cars was amply established in the evidence at the former trial, of which a transcript was available to appellant. The purpose of a bill of particulars is to enable a defendant to prepare for trial and to bar subsequent prosecution. Norris v. United States, 5 Cir., 1946, 152 F.2d 808, certiorari denied 328 U.S. 850, 66 S.Ct. 118, 90 L.Ed. 1623. The granting or denial of a bill of particulars rests in the sound discretion of the trial court, and in the absence of abuse of discretion or prejudice, its ruling will not be disturbed. Wong Tai v. United States, 273 U.S. 77,

47 S.Ct. 300, 71 L.Ed. 545; Reynolds v. United States, 5 Cir., 1955, 225 F.2d 123, certiorari denied 350 U.S. 914, 76 S.Ct. 197, 100 L.Ed. 801, rehearing denied 350 U.S. 929, 76 S.Ct. 301, 100 L.Ed. 812; Johnson v. United States, 5 Cir., 1953, 207 F.2d 314, certiorari denied 317 U.S. 938, 74 S.Ct. 632, 98 L.Ed. 1087. Roberson was not surprised. He knew the description of the cars he was charged with receiving and the car he was accused of selling. He was not in any way prejudiced by the trial court's order and its discretion was not abused.

■■ One of the jurors was a friend of some years standing of the United States Attorney prosecuting in the trial. The friendship, though long enduring, was not close nor intimate and their contacts in recent years had been infrequent and casual. It was known to counsel for the appellant, prior to the time the jury was accepted, that the juror and the prosecutor were acquainted but the extent and duration of their acquaintance was not known to him nor was it developed on voir dire. During a recess of the court, the juror and the United States Attorney met in the rest room. The juror asked the prosecutor if the jury could go home that night if the case was not finished. The prosecutor said they could, and went on to say that although he could answer such a question as was asked, he could not discuss the case. The trial court declined to declare a mistrial or grant a new trial and this refusal is assigned as error. A juror is not per se disqualified because he is acquainted with or a friend of counsel in a case, whether advocating the cause of a private litigant or prosecuting in a criminal trial. See 31 Am.Jur. 658 et seq., Jury § 133. No prejudice of the juror was shown at or before the jury was sworn or at any time thereafter. The conversation between the district attorney and the juror was casual, it was in no way related to the issues of the case, no prejudice was shown and it was explained to the trial court. Its discretion was not abused in declining to grant a mistrial and in refusing to grant a new trial.

■ The appellant took the stand on his own behalf. While being cross-examined by Government counsel, he was asked, "Now, in 1941, on the 28th day of April, were you convicted of distilling and did you receive a sentence of three years?" Objection was made and sustained and the jury was instructed to not consider it. A motion for a mistrial was made and overruled. Later, Government counsel started a question with, "Now, I will ask you this question; On April 28, 1941, were you convicted of—" when he was interrupted by the court. The question was never completed. The court thought that counsel had not gone far enough with the question to require an instruction that it be disregarded. In support of his claim of prejudicial error, the appellant cites Alabama cases holding that a witness cannot be impeached by showing the conviction of a crime which does not involve moral turpitude and that violating prohibition laws is not an offense that does involve moral turpitude. Under the law of Alabama illegal manufacture of intoxicating liquor is punished by a penitentiary sentence of from one to five years. 29 Ala.Code 1940, § 103. In Alabama an offense that may be punished by imprisonment in the penitentiary is a felony. 1 Ala.Code 1940, § 7. Under the Federal law any offense punishable by imprisonment for more than a year is a felony. 18 U.S.C.A. § 1(1). The Alabama rule upon which the appellant relies is not applicable. In a recent opinion this court said:

"Congress has not given the states the power of prescribing the rules of evidence in trials for offenses against the United States. In criminal cases in the federal courts, the admissibility of evidence and the competency and the privileges of witnesses are governed, except when an act of Congress or the Federal Rules of Criminal Procedure otherwise provide, by the principles of the common law as interpreted by

the courts of the United States in the light of reason and experience. Rule 26, Federal Rules of Criminal Procedure; On Lee v. United States, 343 U.S. 747, 754, 755, 72 S.Ct. 967, 96 L.Ed. 1270; McNabb v. United States, 318 U.S. 332, 341, 63 S.Ct. 608, 87 L.Ed. 819; Olmstead v. United States, 277 U.S. 438, 468, 469, 48 S.Ct. 564, 72 L.Ed. 944." Pollock v. United States, 5 Cir., 1953, 202 F.2d 281, 285.

See Holtzoff, Reform of Federal Criminal Procedure, 3 F.R.D. 445, 452, et seq. For the purpose of discrediting a witness in a Federal criminal trial it is not improper to show that the witness, including a defendant who has elected to testify, has been convicted of a felony or of a misdemeanor involving moral turpitude. See Pearson v. United States, 6 Cir., 1951, 192 F.2d 681, 699. Cf. Steele v. United States, 5 Cir., 1957, 243 F.2d 712. There was, it seems, some question before the adoption of the Twenty-first Amendment as to whether violations of the prohibition acts involved moral turpitude. See annotations 40 A.L.R. 1049, 71 A.L.R. 219. Since repeal, conducting a business of making, transporting or selling shine and defrauding the Government of taxes is a Federal offense involving moral turpitude. Jordan v. De George, 341 U.S. 223, 71 S.Ct. 703, 95 L. Ed. 886, rehearing denied 341 U.S. 956, 71 S.Ct. 1001, 95 L.Ed. 1377. The unanswered question did not say whether the query contemplated a Federal or State offense. If the latter it might be one which did not involve moral turpitude, but in any event it would have been a felony. There was no error in the question. There would have been no error had the appellant been required to answer it. The appellant has received a better break than that to which he was entitled.

 Among the grounds for a new trial, rejected by the trial court, the appellant urged that the district judge was disqualified and this was unknown to appellant during the trial. One of the witnesses for the Government, Hollis Bryant, had been convicted in the Northern District of Alabama of some offense involving the interstate transportation of stolen motor vehicles, and the district judge who presided at the trial of the case before us was the United States Attorney who prosecuted Bryant in the Northern District of Alabama. This is the asserted basis for disqualification. A judge should disqualify himself in any case where he has been of counsel. 28 U.S.C.A. § 455. A United States attorney is of counsel for the Government in criminal prosecutions. United States v. Vasilick, 3 Cir., 1947, 160 F.2d 631; United States v. Maher, D.C.Me.1950, 88 F.Supp. 1007. The case before us was not against Bryant so it does not appear that the letter of the statute would be applicable. But if the cars involved in the trial over which the former United States attorney presided as district judge were the same as those involved in the investigation made and prosecution conducted by him as counsel for the Government, there might have been presented a situation under which the judge should have disqualified himself. A prior knowledge of the facts or a prior interest in an issue arising out of them may be a ground for disqualification. It is not shown that the cars were the same in this case as in the case against Bryant. The contrary is asserted and the statement of the trial judge that the ground is frivolous seems to bear out the assertion. Certainly the record does not disclose nor does the appellant show any prejudice. The ground is without merit.

 One of the Government witnesses, Hayden McBrayer, had formerly been a partner in the operation of a used car business. He testified as to some transactions of or with the appellant and Bryant. Portions of his testimony related to the vehicles involved in the case. On cross-examination the witness was asked by counsel for the appellant, "Did you leave Montgomery with the floor planned automobiles that Mr. Barnett had floor plans on?" The court interrupted and declined to permit the

witness to answer. Counsel then urged that the question was for impeachment. The court held the question sought to bring in immaterial matter which was not pertinent to the case. Counsel for the appellant now urges that the purpose of the inquiry was to show that the witness and his partner were not fine business men with excellent credit. If the question was intended to elicit testimony for impeachment it was improper. Although, as has been said, the conviction of a witness of a felony can be shown to impeach his credibility, it does not follow that an attempt may be made to impeach a witness by showing wrongful conduct or the commission of an offense for which there has been no conviction. Lennon v. U. S., 8 Cir., 1927, 20 F.2d 490; Echert v. United States, 8 Cir., 1951, 188 F.2d 336, 26 A.L.R.2d 752. If the question was asked to show the financial condition of the firm of which the witness was member no error was committed in declining to allow it. The question was collateral to the purpose for which appellant's counsel says it was asked and quite remote from the issue of the guilt of the appellant of the offense with which he was charged. The scope of cross-examination and the limits upon it must of necessity be committed to the discretion of the trial court and in the absence of abuse that discretion will not be interfered with. See Alderman v. United States, 5 Cir., 1929, 31 F.2d 499. This is particularly true as to colllateral or irrelevant matters. Marteney v. United States, 10 Cir., 1954, 218 F.2d 258, certiorari denied 348 U.S. 953, 75 S.Ct. 442, 99 L.Ed. 745; Dolan v. United States, 8 Cir., 1955, 218 F.2d 454; 3 Wharton's Crim.Evid. 12th Ed. 258 § 867.

In terminating the colloquy with counsel with respect to the cross-examination of the witness McBrayer, the court said, "I told you I would not allow you to go into that, it is not pertinent in my judgment. I don't want to hear any more examination on it during the course of this trial for the Government or the defendant." This statement, appellant urges, was a reprimand of his counsel,

and so bolstered the Government's witnesses as to assure the conviction of the defendant from that point. We do not think the observation of the court permits the inference which appellant would have us draw from it. We find nothing prejudicial to the defendant in the statement.

 The witness Hollis Bryant, replying to a question of the district attorney, answered that he did not recall. The district attorney was permitted to ask leading questions for the purpose of refreshing the recollection of the witness. These questions were with respect to statements made by him to the appellant or by the appellant to him and were based on a transcript of the testimony of the witness at the previous trial. There were three such questions. In response to two of them the witness said he did not recall and in answering the other he said he could have made the statement about which he was asked. Nothing was drawn from the lips of the witness by these questions which would have resulted in prejudice to the defendant if error had been committed. But we see no impropriety in the court's action. The trial court may in its discretion, permit leading questions to refresh the recollection of a witness. The manner of exercise of this discretion will not be ground for reversal unless the discretion be abused. 3 Wharton's Crim.Evid. 222, § 847. Prior testimony may, in the discretion of the trial court, be used for the purpose of refreshing the recollection of witnesses. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129; Wigmore on Evidence, Vol. III, pp. 105 et seq. § 761.

 The court charged the jury that "possession of a stolen automobile, may, under proper circumstances be sufficient for you to draw an inference of guilty knowledge on the part of the defendant that the automobile, or automobiles, were stolen". The appellant did not except to the charge. He did not request any instruction defining "possession". He now urges that the failure of the trial

court to include in its charge a definition of "possession" is a plain error or defect affecting the appellant's substantial rights which this Court should notice under Rule 52(b), Fed.Rules Crim.Proc., 18 U.S.C.A., although not brought to the attention of the trial court. In support of this contention we are cited Barfield v. United States, 5 Cir., 1956, 229 F.2d 936, as controlling authority. A judicial opinion, as a precedent, is to be read and applied in the light of the facts of the case in which the opinion was written. Among the recent cases stating this doctrine are White v. Aronson, 302 U.S. 16, 58 S.Ct. 95, 82 L.Ed. 20; and Armour & Co. v. Wantock, 323 U.S. 126, 65 S.Ct. 165, 89 L.Ed. 118. In the Barfield case the appellant claimed to be a hitch-hiker. He was driving a stolen car which was involved in a wreck. He claimed he was picked up by a person, pointed out by him at the scene of the wreck, who was believed by him, so he said, to be the owner of the car. In the Barfield case, as the opinion there shows, in the setting which that case portrayed and under the circumstances of that record, a definition of possession should have been given to the jury in connection with the charge, in substance, that possession of recently stolen property raises a presumption of guilty knowledge. Such a factual situation is not here portrayed nor do the circumstances of this record call for the application of the rule there adopted. There was ample evidence in this case which, if believed as the verdict shows it was, sustains the conclusion that the appellant had the custody and control of the cars in question. Custody and control are the commonly accepted and generally understood incidents of possession. No peculiar condition requiring that "possession" be defined was here present.

The appellant takes exception to the refusal of the trial court to give the jury the charges requested by him. The court refused to give the charges because they were covered by the oral charge or did not state correct propositions of law, and on the further ground that copies were not furnished to the district attorney as required by Rule 30, Fed.Rules Crim.Proc., 18 U.S.C.A. The appellant seeks to excuse compliance with the rule by saying that the tendered instructions were the same as those offered at the former trial and hence no need existed for submitting them again. Because, appellant argues, he was denied a bill of particulars on the ground, among others, that the cars involved were the same as in the former trial, so should there be no necessity of furnishing other counsel with requested instruction since they were the same as before. This argument, though plausible in sound becomes fallacious upon examination. The identity of the cars was of necessity the same in both trials. The identity of the offered instructions was not necessarily the same and the district attorney should not be expected to assume that they would be nor to search for copies of them. In any event we have examined the tendered instructions and agree with the trial court that they are incorrect, inapplicable or adequately covered by the instructions given.

Errors are assigned by reason of the trial court's refusal to direct an acquittal, to grant a motion in arrest of judgment and in overruling a motion for new trial. These are based upon the other assignments of error which we have discussed or upon the sufficiency of the evidence. We have examined the record. As on the former appeal and for the same reasons as in the former opinion, 237 F.2d 536, 538, we hold that the motion for judgment of acquittal was properly denied. So also as to the motion in arrest of judgment and the motion for a new trial. Extension of this opinion for a discussion of the evidence would serve no useful purpose. The judgment of the district court is

Affirmed.