Charles Anthony HALL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 25627.

United States Court of Appeals Fifth Circuit.

Nov. 19, 1968.

Robert M. Smith, Jr., Jacksonville, Fla., for appellant.

Samuel S. Forman, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before DYER and SIMPSON, Circuit Judges, and CABOT, District Judge.

PER CURIAM:

In November 1967 Hall was convicted by a jury of stealing a General Electric two-way radio unit while it was moving as part of an interstate shipment from Lynchburg, Virginia, to Gainesville, Florida, in violation of Title 18, U.S.C., Section 659. The trial judge imposed an eighteen months confinement sentence and this appeal in forma pauperis followed.

We have carefully considered the three claimed errors urged by the appellant as grounds for reversal. We find that each is without merit and affirm.

The first error assigned is the court's refusal to permit examination of the investigating F.B.I. agent as to his knowledge of offers of immunity to government witnesses. As framed, the question called for hearsay. Counsel did not follow it up with the agent Mr. Kyte, or any other witness. The trial court did not abuse its broad discretion as to the scope of examination, under the circumstances present. Curtis Publishing Company v. Butts, 5 Cir.1965, 351 F.2d 702, aff. 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1966), rehearing denied 389 U.S. 889, 88 S.Ct. 11, 19 L. Ed.2d 197; Roberson v. United States, 5 Cir. 1957, 249 F.2d 737, 72 A.L.R.2d 434, cert. denied 356 U.S. 919, 78 S.Ct. 704, 2 L.Ed.2d 715 (1958); Feutralle v. United States, 5 Cir. 1954, 209 F.2d 159.

The second point goes to the sufficiency of the evidence. We have reviewed the record and consider the evidence ample to sustain the verdict. In any event, the question was not preserved for appellate review by renewal of appellant's motion for judgment of acquittal at the close of all the evidence. Wilkins v. United States, 5 Cir.1967, 376 F.2d 552, 563.

Finally, we hold that no error is demonstrated with respect to an additional instruction given by the court when the jury, during its deliberations,

requested further instructions. The instruction was to the effect that it was not necessary for the government to prove theft from the trailer-truck, as alleged in the indictment, so long as the jury was satisfied that the theft occurred while the radio was moving in interstate commerce, or, as the court expressed it, was "in transit". The variance between allegation and proof was slight and immaterial. No prejudice to any right of appellant is shown. Rule 52(a), F.R.Crim.P.

Affirmed.