The Trustee relies principally upon In re Summit Hardware Inc., 6 Cir. 1962, 302 F.2d 397, 96 A.L.R.2d 717, which construed the Ohio Factor's Lien Act. But in that case, contrary to the Ohio Act, the subsequent designations of the merchandise required to be given by separate written statements were not furnished in any form whatsoever. The Sixth Circuit relied on this omission and the lack of a "liberal construction" provision in the Act. Since no subsequent written statements in any form were ever furnished, the Court did not have before it the question of the sufficiency of the designations. See further United States v. Brown, 5 Cir. 1952, 199 F.2d 887, and Highland Park State Bank v. Continental Nat. Bank, 300 S.W.2d 304, Ft. Worth, Tex.Civ.App.1957, writ ref'd n. r. e.

The judgment appealed from is Affirmed.

Pearson & Josefsberg, Daniel S. Pearson, Robert C. Josefsberg, Miami, Fla., for appellant.

William A. Meadows, Jr., U. S. Atty., J. V. Eskenazi, Asst. U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE and SIMPSON, Circuit Judges, and CASSIBRY, District Judge.

**Frank Crowe PEEL, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 26109.

United States Court of Appeals
Fifth Circuit.

May 20, 1969.

PER CURIAM:

Appellant was convicted of seven substantive counts of violation of the Dyer Act, 18 U.S.C.A. § 2312, and of a conspiracy count to violate the same Act.

The first argument made by appellant is that the trial court erred in restricting his cross-examination of Trinkner, the principal government witness, as to acts of Trinkner that may have been criminal in nature, but as to which there had been no indictment or conviction. We find nothing in this record to warrant departure from the well recognized rule that character examinations of a witness to impeach his credibility must ordinarily be limited to inquiries as to conviction of a felony or misdemeanor involving moral turpitude. Myers v. United States (5 Cir., 1967), 377 F.2d 412.

There is no substance to the remaining points raised by appellant as to the charge of the court dealing with the inference that may be drawn from proof of one's possession of recently stolen property.

The judgment is

Affirmed.

Herbert **BERG**, dba Berg Construction, Appellant,

v.

CONTINENTAL BANK, Appellee.

No. 22177.

United States Court of Appeals Ninth Circuit.

May 19, 1969.

Charles M. Berg (argued), Beverly Hills, Cal., for appellant.

Haskell H. Grodberg (argued), Los Angeles, Cal., Caidin, Bloomgarden & Kalman, Beverly Hills, Cal., for appellee.

Before HAMLEY and ELY, Circuit Judges, and McNICHOLS, District Judge *.

PER CURIAM:

The appellant bankrupt appeals from the District Court's order denying his application for discharge. The Referee's order, confirmed by the District Court, was based upon two grounds, as follows:

(1) That the bankrupt had "failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained * * *." 11 U.S.C. § 32(c).

(2) That the bankrupt's debt to the appellee resulted from the bankrupt's having made "a materially false statement in writing respecting his financial condition" and the appellee's reliance upon the misrepresentation in making the loan in question.

The evidence considered by the Referee in connection with the appellee's objection to discharge consisted of documentary exhibits and oral testimony and was somewhat extensive. The record reveals that the evidence was carefully considered, both by the Referee and in the District Court. From our examination of the record and our review of the

---

* Honorable Ray McNichols, United States District Judge, District of Idaho, sitting by designation.