The **UNITED STATES of America,**
Plaintiff-Appellee,

v.

**Jeffie A. SMITH, Jr.,** Defendant-Appellant.

No. 27209.

United States Court of Appeals
Fifth Circuit.

Jan. 8, 1970.

considered for impeachment purposes and (3) an issue that requiring that he purchase liquor revenue stamps under 26 U.S.C.A. § 5205(a) (2), would violate his 5th Amendment privileges against self-incrimination. We find reversible error in the court's actions in questioning defendant as to his prior conviction of this particular misdemeanor, in instructing the jury that this was a crime which involved moral turpitude, and in instructing the jury that such a conviction could be considered as bearing on defendant's credibility. We do not reach the constitutional issue.

The government's case was made through the testimony of three special investigators for the Alcohol and Tobacco Tax Division of the U. S. Treasury Department. According to these agents, the facts were as follows. Early on the day of Smith's arrest they took under surveillance an *illicit distillery located* approximately a mile and a half south of Smith's residence. Smith was never observed in this area. At noon the site of their surveillance was shifted to a position about seventy-five yards west of Smith's house. There they observed Smith, with others, including two men who had been at the distillery earlier, engaged in siphoning liquid from two fifty-five gallon drums on the bed of a pick-up truck into jars and bottles on the ground. Smith was in physical contact with these operations. One agent observed Smith to stick his hand into one of the drums and taste the liquor. When they rushed towards Smith's premises, Smith jumped into the back of the pick-up truck and attempted to push the fifty-five gallon drums over the tail gate of the truck.

Smith took the stand in his own behalf. His testimony was the only direct evidence offered to rebut the agent's statements as to possession. He stated that on the afternoon of the day in question he, his wife and children were in front of his home planting row crops with the aid of a mule. He noticed the pick-up truck turn off of the main highway down an old road in back of his house and

---

Tom Radney, Larry W. Morris, Alexander City, Ala., for appellant.

Ben Hardeman and Ira DeMent, U. S. Attys., F. E. Leonard, Jr., D. Broward Segrest, Asst. U. S. Attys., for appellee.

Before WISDOM, SIMPSON and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Jeffie Smith, Jr. was convicted by a jury for possession of untaxed whiskey. His appeal raises (1) the propriety of a question put to him by the court, when he took the witness stand in his own behalf, as to a prior conviction for possessing taxpaid whiskey and beer in a "dry" county, (2) the correctness of an instruction to the jury that such a crime involved moral turpitude and could be

later saw a car drive into his yard. At that point he left his work and called out to the persons in the car and truck: "Y'all had better pore that stuff out. The woods are full of agents around here." He never came closer than forty to forty-five yards from the truck containing the drums. He estimated the patch of woods where the agents stated they hid to observe these events was at least three hundred yards away. He specifically denied climbing into the rear of the pick-up truck, tasting the moonshine and attempting to overturn the metal drums.

During cross-examination the Assistant U. S. Attorney conducting the prosecution, requested and was granted a side bar conference out of the hearing of the jury. At that time the prosecutor informed the court and counsel for the defendant that he had information indicating that the defendant had been convicted for distilling and had been sentenced to two years. Smith's Counsel stated to the court that he understood that the only thing for which defendant had been convicted was a violation of the prohibition law. Upon the jury's return the following colloquy took place between the prosecutor and the defendant:

"Q. Mr. Smith, I will ask you this question, have you been convicted of the offense of distilling and sentenced to a term of two years?

"A. No, sir.

"Q. You deny that?

"A. Yes, sir."

Counsel for defendant moved to exclude and for a mistrial, both of which motions were denied. The court then asked Smith:

"Were you convicted of violating the prohibition law?",

to which he replied:

"I have been convicted for bonded whiskey and beer in a dry county, yes, sir."

In the course of his charge to the jury, the court emphasized that credibility was critical, that the testimony of the government agents and Smith was irreconcilable and that in choosing whether to believe Smith or the agents they could consider Smith's admitted prior conviction for possession of taxpaid whiskey and beer in a "dry" county. The jury was told that this crime was one that involved moral turpitude and could be considered in evaluating credibility.[1]

The jury retired to consider of its verdict and after two and one quarter hours returned into court asking for additional evidence as to the exact point at which the arrest of Smith had been made. Upon the advice of the court that no additional evidence could be presented, the jury retired again and, after additional deliberation of aproximately an hour and forty-five minutes, returned a verdict of guilty against the defendant. On this verdict, defendant was sentenced to imprisonment for a period of three

---

1. The pertinent portions of the Court's charge were as follows:
"Now the evidence is without dispute that on or about this date in the Davidson community there was some untaxed whiskey up there. That is without dispute. What is disputed is whether or not this defendant unlawfully possessed it and the evidence is directly in conflict.
"You have a duty to reconcile the evidence and make all the witnesses speak the truth, if you can, but we have an irreconcilable conflict here about where the defendant was and what he did * * *.
" * * * Now there was a question put to him about whether or not he had

been convicted—I believe, for violating the prohibition law and having something to do with whiskey, and he said he had been. Now that goes to you for only one purpose. *The law is that a man convicted of a crime involving moral turpitude, and this does involve moral turpitude, you may use it to evaluate his evidence—it goes to the credibility.* It is offered for the purpose to impeach him. If he is impeached, he is impeached by you, but it is a circumstance that you can consider in weighing and evaluating the credibility of his evidence, and for that purpose alone * * *." (Emphasis supplied)

years, with 30 months suspended on probation. This appeal ensued.

■ Under Rule 26 of the Federal Rules of Criminal Procedure, the action of the court below in bringing to the jury's attention defendant's prior conviction must be measured against "the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." In Roberson v. United States, 249 F.2d 737, 741 (5th Cir. 1957), we applied this rule to a criminal defendant testifying in his own behalf by adopting the following discretionary, but minimum standard:

> "For the purpose of discrediting a witness in a Federal criminal trial it is not improper to show that the witness, including a defendant who has elected to testify, has been convicted of a felony or of a misdemeanor involving moral turpitude." [2]

Thus, while the trial judge is not compelled to do so, he has discretion to allow an attack on a testifying defendant's credibility by the showing of prior convictions in two categories—felonies and misdemeanors involving moral turpitude.

The possession of tax-paid whiskey and beer in a "dry" county in the State of Alabama is not a crime under federal law. Under the law of the State of Alabama it is a misdemeanor.[3] According to the penalty provided, this crime would not be classified as a felony under the laws of the United States.[4] We readily conclude it is not within the first part of our Roberson standard.

■ Moral turpitude is defined as: "An act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man." [5] Alabama courts hold that no violations of its prohibition laws, not even those amounting to felonies, involve moral turpitude.[6] However, State court rulings, though they may be persuasive, are not necessarily controlling. Under the language of Rule 26, we must look to interpretations by Courts of the United States.

2. The standard has been reiterated in Pinkney v. United States, 380 F.2d 882 (5th Cir. 1967); and Peel v. United States, 410 F.2d 1141 (5th Cir. 1969).

3. 29 Code of Alabama, Recompiled 1958, § 98. (4621) Sale, offering for sale, possessing, bartering or exchanging prohibited liquors and beverages.—It shall be unlawful for any person, firm or corporation or association within this state to sell, offer for sale, keep or have in possession, barter, exchange or to give away, furnish at a public place or elsewhere, or otherwise dispose of the prohibited liquors and beverages described in this chapter, or any of them, in any quantity, except as hereinafter provided; or to accept the delivery of, or to receive, have in possession, or possess in this state, any of said prohibited liquors and beverages as defined by the laws of the state of Alabama, in any quantity whatsoever.
"§ 99. (4622) Penalty for violation.—Any violation of the preceding section shall be a misdemeanor punishable by a fine of not less than fifty dollars nor more than five hundred dollars, to which, at the discretion of the court or judge trying the case, may be added imprisonment in the county jail or at hard labor for the county for not more than six months for the first conviction; and, on the second conviction of a violation of said preceding section, the offense shall, in addition to a fine within the limits above named, be punishable by imprisonment at hard labor for the county for not less than three months nor more than six months to be imposed by the court or judge trying the case; and on the third and every subsequent conviction of a violation of said preceding section, the offense shall, in addition to a fine within the limits above named, be punishable by imprisonment at hard labor for the county for not less than six months nor more than twelve months.

4. 18 U.S.C.A. § 1.

5. Black's Law Dictionary 1160 (Rev. 4th ed. 1957)

6. See e. g. Pinkerton v. State, 31 Ala.App. 599, 20 So.2d 604 (1945); Whitman v. State, 41 Ala.App. 124, 124 So.2d 275 (1960).

■ Citing an extensive array of authorities, the Supreme Court has held that a liquor offense which embodies the element of fraudulent non-payment of taxes was a crime involving moral turpitude, because the ingredient of fraud was present. Jordan v. De George, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886, Reh. den. 341 U.S. 956, 71 S.Ct. 1011, 95 L.Ed. 1377 (1951). In numerous later decisions dealing with violations of the Immigration and Naturalization Act,[7] inferior Courts of the United States have decided that petit larceny,[8] forgery,[9] issuance of an insufficient funds check,[10] solicitation of homosexual activity[11] and failure to pay a twenty-five dollar occupational tax[12] all constitute crimes involving moral turpitude. The elements of fraud, larceny or proscribed sexual conduct were present in each instance. None of these are embodied in the conviction admitted here. On the other hand, in Myers v. United States, 377 F.2d 412 (5th Cir. 1967), this Court ruled that a violation of a federal statute prohibiting the dispensing of amphetamine sulphate tablets without a prescription was neither a felony nor a misdemeanor involving moral turpitude, and held that proof of such an offense could not be shown to attack the credibility of even an ordinary witness. We pointed out there, as is true in the case now before us, that the misdemeanor violation in question did not require the presence of criminal intent. Because it lacks any element of fraud, larceny or criminal intent, we conclude that the Alabama misdemeanor of possessing tax-paid alcoholic beverages in a "dry" county is not a crime involving moral turpitude.

The reliance of the United States upon *Roberson* to establish that the offense admitted by defendant was one involving moral turpitude, is misplaced. In that case the defendant had been convicted of a violation of the Alabama law which involved the *distilling* of prohibited liquor. In the first place, such distilling is a felony under the law of the State of Alabama.[13] Moreover, in *Roberson* we pointed out that while there may have been doubt before the adoption of the 21st Amendment as to whether violations of the prohibition acts of the United States involved moral turpitude, since repeal the conduct of a business of making, transporting or selling illicit whiskey and thereby defrauding the government of taxes, does involve moral turpitude. The case at bar is materially different.

■ This case turned on Smith's credibility. The error in introducing proof of his prior misdemeanor conviction and instructing the jury that it could be considered for purposes of impeachment requires reversal and a remand for a new trial. In view of our determination that the cause must be reversed on these grounds, we pretermit any decision on the constitutional issue raised.

Reversed and remanded.

---

7. Specifically, 8 U.S.C.A. §§ 1182(a) (9) and 1251(a) (1).

8. Brett v. Immigration & Naturalization Service, 386 F.2d 439 (2nd Cir. 1967).

9. Morasch v. Immigration & Naturalization Service, 363 F.2d 30 (9th Cir. 1966).

10. Burr v. Immigration & Naturalization Service, 350 F.2d 87 (9th Cir. 1965).

11. Wyngaard v. Kennedy, 111 U.S.App.D.C. 197, 295 F.2d 184 (1961).

12. Barrese v. Ryan, 203 F.Supp. 880 (D. C.Conn.1962).

13. 29 Code of Alabama, Recompiled 1958, "§ 103. (4627) Distilling or manufacturing prohibited liquors; penalty for violating.—Any person, firm, or corporation who shall, within this state, distill, make or manufacture any alcoholic, spirituous, malted or mixed liquors or beverages, any part of which is alcohol, shall be guilty of a felony, and upon conviction thereof, be punished by imprisonment at hard labor in the penitentiary for not less than one year nor longer than five years, to be fixed within these limits by the court."