434 F.2d 1021
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alphonso Charles POOLE, Defendant-Appellant.
 No. 28333. Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 November 17, 1970.
 
 Solomon S. Seay, Jr., Gray, Seay & Langford, Montgomery, Ala., for defendant-appellant; Alphonso Charles Poole, pro se.
 Ira De Ment, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.
 Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.
 INGRAHAM, Circuit Judge:
 
 
 1
 Appellant Poole was convicted by a jury for conspiracy to violate the Internal Revenue laws regarding untaxed whiskey, for possession of untaxed whiskey, and for possession of an unregistered distillery and distilling apparatus. He received sentences of two years on each of the three counts, the sentences to run concurrently, and a fine of $1000. From his final judgment and the order overruling his motion for a new trial, appellant brings this appeal.
 
 
 2
 The record shows that United States Treasury agents investigating an illegal distillery operation in Macon County, Alabama, discovered "moonshine" in an automobile allegedly owned by appellant, and found a distillery on a large tract of land owned by appellant.
 
 
 3
 On this appeal, appellant questions (1) the propriety of allowing the government to prove a prior conviction for violation of an Alabama misdemeanor statute[1] prohibiting possession of tax-paid whiskey and beer in a "dry" county, and (2) the correctness of an instruction to the jury by the district court that such a crime involved moral turpitude and could be considered for the purpose of impeachment of appellant's credibility.
 
 
 4
 We find that the instant case is controlled by this court's decision in United States v. Smith, 420 F.2d 428 (5th Cir. 1970), and we therefore reverse and remand for a new trial.
 
 
 5
 Although in the present case the record does not reveal that the trial court charged the jury on the admissibility of the prior misdemeanor conviction because it involved moral turpitude, as was the case in Smith, that information was conveyed to the jury by the court during closing argument.[2] This distinguishing feature in the case at bar does not abate the highly prejudicial effect such comment and evidence has in a case of this nature, especially since the case turns on the defendant's credibility. From the guilt of one liquor offense, erroneously characterized as involving moral turpitude, too easily flows the presumed guilt of another.
 
 
 6
 Reversed and remanded.
 
 
 
 Notes:
 
 
 *
 Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F. 2d 409, Part I
 
 
 [1]
 29 Code of Alabama §§ 98, 99 (Recompiled, 1958)
 
 
 [2]
 "THE COURT: Any other offense doesn't have anything to do with this offense. There was some evidence with reference to Poole having had (511(11)) two previous convictions, the only purpose of that is — it doesn't mean in any way should thatthat be evidence against the offense here. It is admitted because it is considered to be a crime involving moral turpitude and it goes to the credibility of his testimony — as to what he has said. And that is the only purpose. Any other offenses about anybody else is not — shouldn't be considered by you. We are trying these offenses right here. Go ahead."