UNITED STATES of America,
Plaintiff-Appellee,

v.

James Thomas GINN, Defendant-Appellant.

No. 71-2503

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 16, 1972.

William V. Hall, Jr., Howard, Howard & Hall, Decatur, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, Anthony M. Arnold, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Convicted on two counts of passing counterfeit twenty dollar bills in the purchase of two television sets, defendant contends that the testimony of the man who sold the television sets should have been stricken because the witness asserted his Fifth Amendment privilege when cross-examination sought to reveal that the television sets were stolen. Since the seller's source of the sets was irrelevant to the charge that defendant bought them with counterfeit money, we hold that cross-examination of the witness was not unreasonably limited by his refusal to tell where he got the sets he sold to defendant. United States v. Cardillo, 316 F.2d 606 (2nd Cir. 1963); Hamer v. United States, 259 F.2d 274 (9th Cir. 1958), cert. den., 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577, reh. den. 359 U.S. 962, 79 S.Ct. 799, 3 L.Ed. 2d 769; cf. Peel v. United States, 410 F.2d 1141 (5th Cir. 1969).

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409 Part I.

With the testimony of this witness, there was clearly sufficient evidence to support the jury's verdict of guilty.

Construing the jury instruction as a whole, resolving in favor of defendant the dispute in the briefs as to the exact language of the charge, we find no merit to defendant's argument that the trial judge erred in his instructions concerning circumstantial evidence and the burden of proof required of the government. James v. United States, 416 F.2d 467 (5th Cir. 1969), cert. den., 397 U.S. 907, 90 S.Ct. 902, 25 L.Ed.2d 87; Baker v. United States, 412 F.2d 1069 (5th Cir. 1969), cert. den., 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509; Williams v. Wainwright, 414 F.2d 806 (5th Cir. 1969).

Affirmed.