**James Dale KELLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0465–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 30, 1982.

Discretionary Review Granted
March 30, 1983.

Mary Ann George, Houston, for appellant.

Winston Cochran, Jr., Houston, for appellee.

Before EVANS, C.J., and STILLEY and BASS, JJ.

## OPINION

EVANS, Chief Justice.

The appellant was convicted by a jury of unauthorized use of a motor vehicle. On finding two enhancement allegations in the indictment to be true, the court assessed the mandatory sentence of life imprisonment.

In one ground of error the appellant contends that the trial court committed reversible error in refusing to permit a defense witness to testify that he had sold the vehicle to the appellant. In response to this contention, the State argues that the trial court properly excluded the testimony because of the witness' stated intent to invoke the Fifth Amendment privilege when asked where he had obtained the vehicle.

Police officers arrested the appellant as he was driving a car into his apartment complex. The arresting officers were investigating the burglary of a car dealership, Market Street Motors, from which 16 cars, several blank title forms, and dealer license plates had been stolen. When the appellant was asked by the officers if he owned the car, he told them he had purchased it from his friend, John Daisey, and that he had filled out the dealer tag himself. Earlier that day, the officers had arrested Daisey at the same apartment complex when he was found in possession of one of the vehicles stolen from the car dealership.

At trial, the appellant called John Daisey as a witness to substantiate his claim that he had purchased, rather than stolen, the car. The court ordered the witness questioned outside the presence of the jury to determine if he intended to invoke his privilege against self-incrimination. The witness testified that he had sold the car to the appellant for $700, but, on cross-examination by the State, he refused to say where he had obtained the car, invoking his privilege against self-incrimination. At that point the trial court ruled that because the witness had invoked his constitutional privilege with respect to the question asked by the State, he would not be permitted to give any part of his testimony before the jury.

A person commits an offense of unauthorized use of a motor vehicle if he intentionally or knowingly operates another vehicle without the owner's consent. Texas Penal Code, art. 31.07. Thus, the State was required to prove by direct or circumstan-

tial evidence that the appellant was aware, when he operated the vehicle, that the owner's consent was lacking.

The evidence at trial showed without dispute that the vehicle had recently been stolen, and the only real issue was whether the appellant had made a bona fide purchase of the car from his friend, John Daisey. Thus, Daisey's testimony was critical to the appellant's defense.

The appellant's stepfather did testify on behalf of the appellant; however, his testimony was not as helpful as Daisey's would have been. He stated only that the appellant told him of his new purchase and had inquired of him the procedure he needed to follow to validate the blank registration title he had on the car.

"Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Chambers v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297, 312 (1973). One of the rights that is more fundamental is the right of an individual to avoid incriminating himself in a judicial setting. *United States v. Melchor Moreno,* 536 F.2d 1042 (5th Cir.1976); *United States v. Diecidue,* 603 F.2d 535 (5th Cir.1979), cert. denied 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 781 (1980). Because of the importance of each of these rights, courts are required to accommodate both as fully as possible without damaging one or the other. *Id.* at 551–552. The most difficult problems arise in a situation such as the present case, where a witness has testified freely on direct, invoking the privilege against self-incrimination only on cross-examination.

■■■ If the privilege has been legitimately invoked for the first time on cross-examination, the ultimate inquiry for the judge is whether the cross-examiner has been deprived of the truth of the witness's direct testimony. If the cross-examiner has been prevented from effectively testing the witness, the trial court may strike all or part of the direct testimony. *Fountain v. United States,* 384 F.2d 624 (5th Cir.1967). Another basis for deciding whether the direct testimony should be partially or totally

stricken is whether the questions asked on cross-examination were directly related to the testimony given on direct or whether they involved only collateral matters, such as the witness' credibility. *United States v. Diecidue, supra; United States v. Cardillo,* 316 F.2d 606 (2nd Cir.1963).

In *Fountain, supra,* several defendants were charged with soliciting and accepting bribes, and a principal witness for the government testified on direct examination that he had withdrawn money from his bank account to make initial payments of the bribes. On cross-examination the witness asserted his Fifth Amendment privilege regarding the source of the money in his bank account. The court held that because the source of the money was not directly in issue, the inquiry was collateral even though it might have shown that the witness did not, in fact, have the money in his account to make the payments which he testified he had made to the defendants.

In a similar situation, *U.S. v. Ginn,* 455 F.2d 980 (5th Cir.1972), a defendant, convicted of passing counterfeit bills, complained on appeal that the trial court had erroneously refused to strike the testimony of the State's witness who had testified that he sold certain television sets to the defendant, but then asserted his Fifth Amendment privilege when asked on cross-examination to admit that the sets had been stolen. There, as in *Fountain, supra,* the court held that the source of the funds was irrelevant to the charge that the defendant had purchased the goods with counterfeit money.

An examination of the record leads us to conclude that the matters asked of Daisey on cross-examination were collateral to his testimony on direct.

In its voir dire cross-examination of the witness John Daisey, the State did not try to bring out any connection of the appellant with Daisey, except as the purchaser of the vehicle. Under the state of the record, the State's inquiry regarding the source from which Daisey obtained the vehicle had no relevance in proving that the appellant had

acquired the vehicle from Daisey with knowledge that it had been stolen. In the absence of some evidence relating the appellant's conduct to Daisey in acquiring possession of the vehicle, the question of Daisey's source had no direct, but only a collateral, bearing on the question of whether the appellant was guilty of the offense charged. See, *Cardillo*, supra.

Although Daisey's assertion of his Fifth Amendment privilege would have prevented further inquiry by the State concerning the source from which he had obtained the vehicle, the State was not prevented thereby from asking Daisey other questions which would have tested his credibility regarding the bona fides of the alleged sale to the appellant. The State could properly have cross-examined Daisey about the alleged disparity between the purchase price of the vehicle and its true market value, the nature of any discussions between Daisey and the appellant pertaining to the sale, the existence of any prior dealings between the two men, and any other matters which would tend to show that Daisey's testimony regarding the sale was a fabrication. *United States v. Phillips*, 664 F.2d 971, 1027–28 (5th Cir.1981). Upon appropriate motion and objection, the trial court could have required that the witness refrain from asserting his Fifth Amendment privilege in the presence of the jury. Cf. *Mendoza v. State*, 552 S.W.2d 444 (Tex.Cr.App.1977).

■ Under the Sixth Amendment to the United States Constitution, an accused has the constitutional right to present witnesses in his own defense, *Chambers v. Mississippi*, supra. In fact, the Sixth Amendment "right to offer testimony of witnesses, and compel their attendance, if necessary, is in plain terms the right to present a defense." *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019, 1023 (1967). By totally excluding the testimony of John Daisey, the trial judge prevented the appellant from presenting his defense without an affirmative justification for doing so. *Franco v. State*, 491 S.W.2d 890 (Tex.Cr.App.1973). The record in the case at bar shows that the trial court erroneously determined that the witness's assertion of his Fifth Amendment privilege precluded effective cross-examination by the State. The appellant's ground of error is, therefore, sustained.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.